# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
November 2, 2016 Session

## STATE OF TENNESSEE v. RAY ROWLAND

### Appeal by Permission from the Court of Criminal Appeals
### Criminal Court for Shelby County
### No. 1003516    James M. Lammey, Judge

_____

### No. W2014-02311-SC-R11-CD – Filed June 2, 2017

_____

The issue we address is whether a defendant has an appeal as of right from the denial of a Tennessee Rule of Criminal Procedure 41(g) motion for return of property when the defendant did not file a pretrial motion to suppress and pleaded guilty. The defendant was indicted on charges of aggravated assault by use or display of a deadly weapon. Law enforcement officers seized guns and other related items from the defendant's home. The defendant did not challenge the seizure of his property and pleaded guilty to reduced charges of reckless endangerment. Three years later, he filed a Rule 41(g) motion for the return of property. The trial court dismissed the motion, and the defendant appealed. The Court of Criminal Appeals reversed and remanded, finding that the defendant may be entitled to relief under Rule 41(g) based on the court's determination that an illegal seizure occurs when, after a conviction, the State retains possession of property that is not stolen and not connected to the commission of a crime. *See State v. Rowland*, No. W2014-02311-CCA-R3-CD, 2015 WL 6601315, at *3 (Tenn. Crim. App. Oct. 30, 2015), *perm. app. granted* (Mar. 23, 2016). We hold that the defendant had no appeal as of right under Tennessee Rule of Appellate Procedure 3(b) from the trial court's order denying the Rule 41(g) motion. The Court of Criminal Appeals erred by hearing the defendant's appeal when it lacked jurisdiction under Rule 3(b) and by determining that the defendant could be entitled to relief under Rule 41(g).

### Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed

SHARON G. LEE, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and CORNELIA A. CLARK, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; Jennifer L. Smith, Associate Solicitor General; M. Todd Ridley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity and Billy Bond, Assistant District Attorneys General, for the appellant, State of Tennessee.

M. Haden Lawyer, Memphis, Tennessee, for the appellee, Ray Rowland.

**OPINION**

**I.**

In May 2010, a Shelby County Grand Jury indicted Ray Rowland on two counts of aggravated assault by use or display of a deadly weapon. In August 2011, he pleaded guilty to a reduced charge of reckless endangerment on each count and received concurrent probated and suspended sentences of eleven months and twenty-nine days.

On August 22, 2014, Mr. Rowland filed a Tennessee Rule of Criminal Procedure 41(g) motion for return of property in the Shelby County Criminal Court.[1] Mr. Rowland's motion alleged that, on February 24, 2010, the police went to his house after receiving a report that he had fired two gunshots in the direction of another individual. Mr. Rowland, who collected firearms, told the police he owned guns. The police informed Mr. Rowland that if he did not consent to a search of his house, "they would come back with a warrant, tear up his house, and blowtorch his safe." Mr. Rowland consented to the search; the police seized at least forty-seven items, most of which were firearms. Many of the firearms were new, had never been used, and could not have been used in the crime. Mr. Rowland sought return of the seized property based on the illegality of the warrantless search.

In October 2014, the trial court heard the Rule 41(g) motion for return of property. Neither party introduced any evidence. Following argument of counsel, the trial court dismissed the motion for lack of jurisdiction, noting that Mr. Rowland consented to the search of his house and waived any issue with the search by pleading guilty.

Mr. Rowland then appealed, and the Court of Criminal Appeals reversed and remanded to the trial court for a hearing on Mr. Rowland's Rule 41(g) motion. *Rowland*, 2015 WL 6601315, at *4. The intermediate appellate court reasoned that the State's

---

[1] Although Mr. Rowland's motion referenced Rule 41(f), the motion has been treated as a Rule 41(g) motion. In 2006, Rule 41 was amended, and section (f) was redesignated as section (g) and underwent minor changes.

continued retention of Mr. Rowland's property was an illegal seizure because the property was not stolen and was not connected to the crime for which Mr. Rowland was convicted. *Id.* at *3. Therefore, the Court of Criminal Appeals found that Mr. Rowland may be entitled to the return of his property under Rule 41(g) based on the State's retention of his property following his guilty plea. Further, the Court of Criminal Appeals ruled that, as long as the State continued to retain Mr. Rowland's property, it did not matter when the Rule 41(g) motion was filed.

We granted the State's Rule 11 application for permission to appeal.

## II.

Our interpretation of Tennessee Rule of Appellate Procedure 3(b) and Tennessee Rule of Criminal Procedure 41(g) is a question of law which we review de novo with no presumption of correctness. *See State v. Wooden*, 478 S.W.3d 586, 589 (Tenn. 2015). When we construe rules of procedure, we apply the same rules of construction as we use to construe statutes. *Id*. Our primary objective is to effectuate the intent of the rule without broadening or restricting its intended scope. *Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013). When the text is clear and unambiguous, we need not look beyond the plain language of the text to ascertain its meaning. *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015) (citing *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010)). "We do not base our interpretation of a procedural rule on a single sentence, phrase, or word of text, however, but instead endeavor to give effect to every clause, phrase, or word used." *Id.* (citing *Lee Med., Inc.*, 312 S.W.3d at 527). "We presume that every word was used deliberately, that each word has a specific meaning and purpose, and that the intent was not to enact a useless or absurd procedural rule." *Id.* (citing *Lee Med., Inc.*, 312 S.W.3d at 527).

The issue of Mr. Rowland's right to appeal under Rule 3(b) was raised by the State for the first time in its Tennessee Rule of Appellate Procedure 11 application for permission to appeal. Generally, issues raised for the first time on appeal are waived. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). However, Tennessee Rule of Appellate Procedure 13(b) requires us to consider whether the appellate court has jurisdiction over the subject matter even though the issue is not presented for review. Tenn. R. App. P. 13(b). Subject matter jurisdiction is a question of law we review de novo with no presumption of correctness. *Turner v. Turner*, 473 S.W.3d 257, 268 (Tenn. 2015).

A defendant in a criminal case does not have an appeal as of right in every instance. Tennessee Rule of Appellate Procedure 3(b) provides when a defendant in a criminal case has an appeal as of right:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b).

Rule 3(b) does not specifically provide for an appeal as of right from an order resolving a Rule 41(g) motion. A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b). *State v. Adler*, 92 S.W.3d 397, 399–400 (Tenn. 2002) *superseded by statute*, Act of May 8, 2003, ch. 175, 2003 Pub. Acts 292 (codified as amended at Tenn. Code Ann. § 40-32-101), *as recognized in State v. L.W.*, 350 S.W.3d 911, 914 (Tenn. 2011) (holding the defendant had no appeal as of right from an adverse ruling concerning an expungement order); s*ee State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008) (holding there is no appeal as of right from an order denying a defendant's motion to modify a condition of probation); *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) (holding the defendant (in a case decided prior to the amendment of Rule 3(b) to allow for an appeal as of right for orders under Tennessee Rule of Criminal Procedure Rule 36) did not have an appeal as of right from the dismissal of a Rule 36 motion to correct an illegal sentence); *State v. Hegel*, No. E2015-00953-CCA-R3-CO, 2016 WL 3078657, at *1–2 (Tenn. Crim. App. May 23, 2016) (ruling the defendant had no right to appeal the denial of his motion to suspend court costs); *State v. Moses*, No. W2011-01448-CCA-R3-CD, 2011 WL 6916487, at *1–2 (Tenn. Crim. App. Dec. 28, 2011) (holding the defendant did not have a Rule 3 appeal as of right from an order denying his motion to reinstate probation); *State v. Bean*, No. M2009-02059-CCA-R3-CD, 2011 WL 917038, at *2 (Tenn. Crim. App. Mar. 16, 2011) (holding a defendant has no right of appeal from an order denying his motion for a furlough); *State v. Childress*, 298 S.W.3d 184, 186 (Tenn. Crim. App. 2009) (holding a

defendant cannot appeal from an order allowing the State to *nolle prosequi* the charges against him); *State v. Coggins*, No. M2008-00104-CCA-R3-CD, 2009 WL 482491, at *3–4 (Tenn. Crim. App. Feb. 25, 2009) (ruling a defendant has no appeal as of right from an order denying a new probation revocation hearing); *Simon v. State*, No. M2003-03008-CCA-R3-PC, 2005 WL 366893, at *2 (Tenn. Crim. App. Feb. 16, 2005) (holding the defendant had no appeal as of right from an order denying sentencing credits); *Sexton v. State*, No. E2003-00910-CCA-R3-PC, 2004 WL 50788, at *3 (Tenn. Crim. App. Jan. 12, 2004) (holding a defendant did not have the right to appeal the denial of a motion for "credit for time at liberty").

Mr. Rowland argues he is entitled to appellate review under the provision in Rule 3(b) that allows an appeal as of right when "the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had." Tenn. R. App. P. 3(b). This argument is without merit. By pleading guilty, Mr. Rowland waived all non-jurisdictional defects in the proceedings, including any issue with the illegality of the search of his house and the seizure of his property. *See State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). Moreover, Mr. Rowland did not file a motion to suppress, and there was no hearing in the trial court on this issue. Therefore, we have no record to review to determine if the search was valid. We conclude that the Court of Criminal Appeals did not have jurisdiction to hear Mr. Rowland's appeal based on Rule 3(b).

In reaching a contrary conclusion, the Court of Criminal Appeals erred in two ways. First, although the State failed to raise the issue, the Court of Criminal Appeals did not consider whether Rule 3(b) afforded Mr. Rowland with an appeal as of right.

Second, the Court of Criminal Appeals erred by concluding that Mr. Rowland could be afforded relief for a "post-judgment seizure" based on Rule 41(g). In reaching this conclusion, the Court of Criminal Appeals relied on the unpublished decision of *State v. Mayberry*, No. 35, 1987 WL 5324 (Tenn. Crim. App. Jan. 14, 1987). In *Mayberry*, after the defendant pleaded guilty to possession of burglary tools, he moved for return of a gold chain, wallet, and cash seized when he was arrested. The trial court denied the motion and the defendant appealed. The State argued that under Rule 3, the defendant had no right to appeal. In a one-page opinion, the Court of Criminal Appeals held that the defendant had an appeal as of right from the denial of a post-judgment Rule 41(g)[2] motion for the return of property after the entry of a guilty plea. The court quoted the sentence of the rule that allows for the return of "unlawfully seized property." The court reasoned that the property was initially seized in a lawful search, but was not contraband,

---

[2] The Court in *Mayberry* referred to Rule 41(f). The Rule has since been renumbered. For consistency, we reference it here as Rule 41(g).

and was not connected to the crime for which the defendant was convicted; therefore, the State's continued retention of the property was an unlawful seizure to which Rule 41 applied. Further, the court concluded that the defendant did not waive review of the issue by pleading guilty.

The reasoning of the Court of Criminal Appeals in *Mayberry* was conclusory and failed to analyze the language of Rule 41(g) in its entirety. Our interpretation of a procedural rule cannot be based on any single sentence; every part of the rule must be given effect. *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). Rule 41(g) applies when a defendant files a successful motion to suppress regarding the pretrial seizure of his property:

> (g) Motion for Return or Suppression of Property. A person aggrieved by an unlawful or invalid search or seizure may move the court pursuant to Rule 12(b) to suppress any evidence obtained in the unlawful search or seizure. If property was unlawfully seized, the aggrieved person may move for the return of the property. The motion shall be granted—except as to the return of contraband—if the evidence in support of the motion shows that:
>
> (1) the search or seizure was made illegally without a search warrant or illegally with an invalid search warrant, or in any other way in violation of the constitutional protection against unreasonable searches and seizures . . . .

Tenn. R. Crim. P. 41(g).

The result reached in *Mayberry* may have been equitable for the parties under the facts presented, but it was not consistent with the requirements of Rule 41(g). Therefore, the decision in *Mayberry* is overruled.[3]

Rule 41(g) as written is not an open-ended vehicle for the return of seized property; it applies only when the seized property is the subject of a successful pretrial motion to suppress. A good argument can be made that Rule 41(g) should be revised to provide a procedure for defendants or aggrieved third parties to seek the return of property seized, either lawfully or unlawfully, during a criminal investigation. Indeed, such a procedure is provided in Rule 41(g) of the Federal Rules of Criminal Procedure.

---

[3] Here, the Court of Criminal Appeals also relied on *State v. Garretson*, No. M2002-01262-CCA-R3-CD, 2003 WL 21077991 (Tenn. Crim. App. May 13, 2003), and *State v. Wrister*, No. 02C01-9212-CR-00293, 1993 WL 492701 (Tenn. Crim. App. Dec. 1, 1993). To the extent these cases relied on *Mayberry* and are inconsistent with this opinion, they are overruled.

*See* Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.").[4] We encourage the Advisory Commission on the Rules of Practice and Procedure to consider whether Rule 41(g) should be amended to provide such a procedure. Nevertheless, in this appeal, we are required to interpret and apply the text of Tennessee Rule of Criminal Procedure 41(g) as it presently exists, and Rule 41(g) does not presently provide such a procedure.

Mr. Rowland contends that a defendant should not have to forfeit his property to enter a guilty plea. However, nothing in the record indicates that Mr. Rowland forfeited his property in order to plead guilty. He also argues that requiring him to pursue a separate action to obtain possession of his property is unnecessarily burdensome.[5] Whether burdensome or not, we are not at liberty to read into current Rule 41(g) language that would broaden its effect.

## III.

We hold that when a defendant does not file a motion to suppress and waives any non-jurisdictional defects in the proceedings by entry of a guilty plea, Tennessee Rule of Appellate Procedure 3(b) does not afford the defendant with an appeal as of right from

---

[4] Other states have rules similar to Tennessee Rule of Criminal Procedure 41(g) that provide further guidance when seeking the return of seized property. *See, e.g.*, Rule 5-212 NMRA; N.D. R. Crim. P. 41(e); Vt. R. Crim. P. 41(f).

[5] Before filing the Rule 41(g) motion, Mr. Rowland unsuccessfully tried a different avenue for relief, albeit with a different request for relief. On January 22, 2013, Mr. Rowland filed a complaint in the Circuit Court for Shelby County against the City of Memphis and four City of Memphis police officers seeking damages for the guns and other property taken from him. *Rowland v. City of Memphis, Tenn.*, No. 2:13-cv-02040-JPM–tmp., 2013 WL 2147457, at *1 (W.D. Tenn. May 15, 2013). The complaint alleged that on June 14, 2012, the defendants disposed of Mr. Rowland's property without giving him notice and an opportunity to claim his seized property. *Id.* at *2. The City of Memphis removed the case to federal court. *Id.* at *1. On February 8, 2013, the City of Memphis filed a motion to dismiss. Subsequently, Mr. Rowland filed an amended complaint for money damages against the defendants for "illegally seizing" his property and disposing of it or allowing it to be disposed of without giving Mr. Rowland a chance to claim it. *Id.* at *2. The amended complaint alleged five causes of action: conversion; violation of Tennessee Code Annotated section 39-17-1317; violation of Tennessee Code Annotated section 40-17-118; violation of 42 U.S.C § 1983; and negligence under the Governmental Tort Liability Act, Tennessee Code Annotated sections 29-20-101 through 29-20-408. *Id.* at *2–3. On May 15, 2013, the federal district court dismissed Mr. Rowland's case against the City of Memphis. *Id.* at *1. On August 22, 2014, Mr. Rowland filed the Rule 41(g) motion that is the subject of this appeal.

the trial court's denial of a Tennessee Rule of Criminal Procedure 41(g) motion. The Court of Criminal Appeals erred by hearing Mr. Rowland's appeal and by relying on the unpublished decision of *Mayberry* to afford Mr. Rowland relief under Rule 41(g). We reverse the judgment of the Court of Criminal Appeals. Costs are taxed to Ray Rowland, for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE