IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 8, 2016

**STATE OF TENNESSEE v. CYRUS RANDY WHITSON**

**Appeal from the Criminal Court for Davidson County**
**No. 2005-D-3215    Mark J. Fishburn, Judge**

————————————————————

**No. M2016-01420-CCA-R3-CD**

————————————————————

Defendant, Cyrus Randy Whitson, appeals the trial court's dismissal of his motion for arrest of judgment. On appeal, Defendant argues that because the judgment form for his murder conviction is lacking the "file-stamp" date, his motion is timely and should have been granted. Because Defendant does not have a right to appeal the trial court's dismissal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Cyrus Randy Whitson, Mountain City, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was indicted for first degree felony murder in count one and first degree premeditated murder in count two. The felony murder charge was later dismissed. A jury convicted Defendant of first degree premeditated murder, and the trial court sentenced Defendant to life. This court affirmed his conviction on direct appeal. *See State v. Cyrus Randy Whitson*, No. M2007-02197-CCA-R3-CD, 2009 WL 3787457, at *1 (Tenn. Crim. App. Nov. 12, 2009). Defendant filed a petition for post-conviction relief, arguing that he received the ineffective assistance of counsel. Following an evidentiary hearing, the post-conviction court denied his petition. This court affirmed the post-conviction court's denial of relief. *See Cyrus Randy Whitson v. State*, No. M2014-01941-

CCA-R3-PC, 2015 WL 6123061, at *1 (Tenn. Crim. App. Oct. 19, 2015), *perm. app. denied* ( Tenn. Feb. 18, 2016).

On May 26, 2016, Defendant filed a pro se "Motion for Arrest of Judgment." In his motion, Defendant argued that although the charge was dismissed, the trial court "placed" him on trial for the first degree felony murder charge because the jury charge instructed the jury that he was "charged in Count I of the indictment with the crime of premeditated First Degree Murder." He contended that he was, therefore, convicted of a charge that was dismissed—count one. Moreover, he argued that this court, on both direct and post-conviction appeal, stated that Defendant was convicted of first degree felony murder. Defendant also addressed the issue of the timeliness of his motion for arrest of judgment. He noted that "although the judgment itself was dated June 19, 2007, the document bears no 'file-stamp' date showing that it was filed with the clerk and made part of the record." He claimed that his motion was, therefore, timely.

On June 30, 2016, the trial court dismissed Defendant's motion for arrest of judgment as untimely, noting that the court's minute entry, along with its date notation from Defendant's trial date was sufficient to render the judgment properly filed on June 19, 2007. Defendant appeals the trial court's dismissal.

On appeal, Defendant argues that the trial court erred by finding that his motion was untimely. He also contends that his motion should be granted on its merits because he was convicted of an offense that the State dismissed.

Tennessee Rule of Criminal Procedure 34(a) allows a defendant to file a motion to arrest judgment when either "the indictment, presentment or information does not charge an offense" or "the court was without jurisdiction of the charged offense." Rule 34 does not, however, provide the defendant with the right to appeal a trial court's ruling on a motion for arrest of judgment. *See* Tenn. R. Crim. P. 34.

Tennessee Rule of Appellate Procedure 3 only provides criminal defendants with an appeal of right

> from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if

the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b). Our supreme court has held when construing rules of procedure with clear and unambiguous text, "we need not look beyond the plain language of the text to ascertain its meaning." *State v. Rowland*, No. W2014-02311-SC-R11-CD, ___ S.W.3d ___, 2017 WL 2391959, at *2 (Tenn. 2017) (citing *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015)). Rule 3(b) does not grant a defendant an appeal as of right from the denial of a motion for an arrest of judgment filed years after this court affirmed the defendant's conviction on direct appeal. Accordingly, this court does not have jurisdiction over the appeal, and the appeal, therefore, is dismissed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE