IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2018

**STATE OF TENNESSEE v. MARIO ANTOINE LEGGS**

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-273      Steve R. Dozier, Judge**

_____

**No. M2017-01963-CCA-R3-CO**

_____

Mario Antoine Leggs, the Defendant, filed a motion requesting an ex parte injunction and hearing, arguing that the judgments in his case were invalid because they did not have a file stamp date. The trial court denied the Defendant's motion because the judgments were signed by the trial court and entered on November 29, 2001. On appeal, the Defendant argues that the trial court erred in denying relief. The State contends that the Defendant does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3 from the denial of a motion requesting injunctive relief. Additionally, the State argues that the lack of a file stamp date does not invalidate the Defendant's judgments. After a thorough review of the facts and applicable case law, we dismiss the Defendant's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Mario Antoine Leggs, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual and Procedural History**

In 2001, the Defendant was convicted of theft of property under the value of $500, robbery, aggravated robbery, two counts of reckless endangerment, two counts of

evading arrest, three counts of reckless aggravated assault, driving on a suspended license, and leaving the scene of an accident. *State v. Mario Antoine Leggs*, No. M2002-01022-CCA-R3-CD, 2003 WL 21189783, at *1 (Tenn. Crim. App. May 21, 2003), *perm. app. denied* (Tenn. Oct. 6, 2003). The Defendant received a total effective sentence of twenty-three years, eleven months, and twenty-eight days. *Id.* The Defendant appealed his convictions and sentence, and this court held that there was insufficient evidence to support count twelve of the indictment, evading arrest. *Id.* This court reversed and vacated the Defendant's conviction for count twelve but otherwise affirmed the judgments of the trial court. *Id.* The Tennessee Supreme Court denied further review of the Defendant's convictions and sentence.

In 2003, the Defendant filed a petition for post-conviction relief and alleged that he received ineffective assistance of counsel and that his sentences were invalid under *Blakely v. Washington*, 542 U.S. 296 (2004). *Mario Antoine Leggs v. State*, No. M2004-00756-CCA-R3-PC, 2005 WL 1412092, at *1 (Tenn. Crim. App. June 14, 2005), *no perm. app. filed*. The post-conviction court denied relief after finding that the Petitioner received effective assistance of counsel, and this court affirmed the post-conviction court's decision. *Id.* The Defendant did not seek further review of his post-conviction petition. In 2004, the Defendant filed a petition for a writ of habeas corpus and "asserted that his judgments were void because the trial court imposed both consecutive and concurrent sentences, a sentencing structure he contended was in violation of the statutory sentencing requirements." *Mario Leggs v. Howard Carlton*, No. E2005-00136-CCA-R3-HC, 2005 WL 1566546, at *1 (Tenn. Crim. App. July 6, 2005), *no perm. app. filed*. The habeas corpus court dismissed the petition because it did not allege a cognizable claim for habeas corpus relief, and this court affirmed the habeas corpus court's dismissal under Rule 20, Rules of the Court of Criminal Appeals. *Id.* The Defendant did not seek further review of his habeas corpus petition.

In 2017, the Defendant filed a document in the Davidson County Criminal Court entitled "Ex Parte Injunction And/Or Show Cause Order[,]" which argued that "the Tennessee Department of Correction (TDOC) d[id] not have proper custody over [the] Defendant's person" because his judgments did not have a file stamp date. The Defendant requested an ex parte hearing under Tennessee Rule of Civil Procedure 60.02 "to determine when Judgment 2001-A-273, Counts 2-9 were 'entered' in order to determine whether or not TDOC has proper custody over the Defendant" and "to determine the extent of such failure to adhere to the mandatory provisions of Rule 32(e), Tenn. R. Crim. P., *c.f.* Rule 17, Tenn. S. Ct. R."

In its order denying injunctive relief to the Defendant, the trial court concluded that "[t]he judgment was signed by the [trial] [c]ourt and the Attorney for the State on November 29, 2001. Additionally, the clerk entered the judgment into the Metro

Nashville Criminal Justice Information System (CJIS) on November 29, 2001, thus, fulfilling the requirements of Tenn. R. Crim. P. 32." The Defendant now timely appeals the trial court's decision.

## II. Analysis

The Defendant argues that the trial court erred in denying his request for an ex parte injunction and hearing. He asserts that his judgments in the underlying case do not strictly comply with Tennessee Rule of Criminal Procedure 32(e) and Tennessee Rule of Civil Procedure 58. The Defendant asserts that, because the judgments do not have a file stamp date, the judgments never went into effect and are void. The State contends that the Defendant does not have an appeal as of right from the trial court's denial of injunctive relief. Additionally, the State argues that a judgment of conviction does not require a file stamp to be valid. We agree with the State.

Tennessee Rule of Appellate Procedure 3(b) states the following:

> Availability of Appeal as of Right by Defendant in Criminal Actions. In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty . . . . The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b). "A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)." *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017). Because an appeal from a motion requesting injunctive relief is not specifically enumerated in Tennessee Rule of Appellate Procedure 3(b), the Defendant has no appeal as of right from the trial court's order. *See id.* Additionally, we note that the Defendant requested injunctive relief under Tennessee Rule of Civil Procedure 60.02, which does not apply in criminal cases. *See* Tenn. R. Civ. P. 1. Thus, we conclude that the Defendant does not have an appeal as of right from the trial court's denial of relief and we dismiss this appeal.

## III. Conclusion

Based on the aforementioned reasons, we conclude that the Defendant does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(b) from the trial court's decision and dismiss the instant appeal.

_____
ROBERT L. HOLLOWAY, JR., JUDGE