
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 24, 2018

## MORRIS RUCKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 83-F-2095      Steve R. Dozier, Judge**

_____

### No. M2017-01964-CCA-R3-CO

_____

The pro se Defendant, Morris Rucker, appeals the trial court's denial of his Tenn. Rule of Civil Procedure Rule 60.02 motion to set aside his judgments and/or for injunctive relief, arguing that the judgments are invalid because they do not bear the required file-date stamps. Following our review, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Morris Rucker, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter, and Alexander C. Vey, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On September 14, 1984, the Defendant was convicted in the Davidson County Criminal Court of assault with intent to commit first-degree murder with bodily injury, robbery accomplished with the use of a deadly weapon, and assault with the intent to commit murder in the first degree without bodily injury. He was sentenced to life for the assault with injury conviction, forty years for the armed robbery conviction, and twenty years for the assault without bodily injury conviction. All sentences were ordered to be served consecutively, for an effective sentence of life plus sixty years. The Defendant's convictions were affirmed by this court on direct appeal, and our supreme court denied

his application for permission to appeal. State v. Rucker, 712 S.W.2d 482, 483 (Tenn. Crim. App. 1986).

Approximately fifteen years after our supreme court denied the Defendant's application for permission to appeal, the Defendant filed a pro se petition for post-conviction relief in which he raised several grounds for relief. Morris Rucker v. State, No. M2001-02020-CCA-R3-PC, 2002 WL 31039346, at *1 (Tenn. Crim. App. Sept. 12, 2002). The post-conviction court summarily dismissed the petition as time-barred and this court affirmed the judgment of the post-conviction court. See id.

The Defendant later filed a petition for writ of habeas corpus, which was dismissed for failure to state a cognizable claim for relief. This court affirmed the judgment of the habeas court in a memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Morris Rucker v. State, No. E2005-01713-CCA-R3-HC, 2006 WL 3216154, at * 1 (Tenn. Crim. App. Nov. 8, 2006).

On August 14, 2017, the Defendant filed a motion that he styled as an "Ex Parte Injunction and/or Show Cause Order" in which he requested that, "[p]ursuant [to] Tennessee Rule of Civil Procedure 60.02(4)(5)[,]" the trial court issue "an ex parte injunction releasing him from" the judgments in his case on the grounds that none of the judgments "bear a file-stamp date." The Defendant argued that his judgments have never taken effect because they had "not been filed with the clerk as made mandatory by [Tennessee Rules of Criminal Procedure] Rule 32(e)." The Defendant therefore requested that the trial court grant him injunctive relief in the form of ordering the Tennessee Department of Correction to immediately release him, or, in the alternative, issue an order "directing the State to show cause why injunctive relief should not be granted."

The trial court denied the motion on August 29, 2017, concluding that it was without merit. The court noted that, although the judgments did not appear to have been file-stamped by the Davidson County Clerk's Office, the trial judge signed them on September 14, 1984 and, under State v. Gary Carr, "'[a] failure to comply with Rule 32(e) does not require a conviction to be set aside.'" No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App. June 9, 2017). Thereafter, the Defendant filed a timely notice of appeal to this court.

## ANALYSIS

The Defendant contends that the trial court abused its discretion in denying his motion for an ex parte injunction and/or show cause order pursuant to Rule 60.02(4) and (5) of the Tennessee Rules of Civil Procedure. He argues, among other things, that his

judgments are void and "have not taken effect because the judgments have not been filed with the clerk, as made mandatory by Rule 32(e)."

The State responds by arguing that this court lacks jurisdiction over this matter because the Defendant has no appeal as of right from the trial court's decision. The State asserts that the Defendant's reliance on Tennessee Rule of Civil Procedure 60.02 is misplaced, and that his motion had no proper basis in the trial court. The State additionally argues that the trial court properly denied the motion as meritless on the basis that the lack of a file-date stamp does not invalidate the Defendant's convictions.

We agree with the State that the Defendant has no appeal as of right in this case. The Tennessee Rules of Appellate Procedure provide that, in addition to a direct appeal following a conviction, a criminal defendant has an appeal as of right from orders denying or revoking probation, orders or judgments pursuant to Tenn. R. Crim. P. 36 or 36.1, the final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Tennessee Rules of Criminal Procedure 32(f). See Tenn. R. App. P. 3(b) (2018). "A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)." State v. Rowland, 520 S.W.3d 542, 545 (Tenn. 2017).

The Defendant has no appeal from the trial court's order denying his Rule 60.02 motion to correct his judgments and/or for injunctive relief. We rejected an identical claim in a recent case. See State v. Mario Antoine Leggs, No. M2017-01963-CCA-R3-CD, 2018 WL 1353643, at *2 (Tenn. Crim. App. Mar. 15, 2018) (dismissing the appeal for lack of jurisdiction where defendant appealed the trial court's denial of his motion for injunctive relief under Tenn. R. Civ. P. 60.02 based on his claim that his judgments were invalid because they lacked a file-date stamp). We, therefore, dismiss the appeal.

## CONCLUSION

Based on the foregoing authorities and reasoning, we dismiss the appeal for lack of jurisdiction.

_____
ALAN E. GLENN, JUDGE