IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 24, 2018

## STATE OF TENNESSEE v. JASON CLARK

**Appeal from the Criminal Court for Davidson County**
**No. 93-D-1660        Angelita Blackshear Dalton, Judge**

———————————————————

### No. M2018-00293-CCA-R3-CD

———————————————————

Jason Clark ("Defendant") filed a Tennessee Rule of Civil Procedure 60.02 motion seeking relief from two judgments of conviction. Defendant has no appeal as of right under Tennessee Rule of Appellate Procedure 3. Because we have no subject matter jurisdiction, we dismiss Defendant's appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

Jason Clark, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant filed a motion for relief pursuant to Tennessee Rule of Civil Procedure 60.02(4) and (5), claiming that the Tennessee Department of Correction "does not have proper custody" over him because his judgments of conviction did not have a "file-stamp" from the criminal court clerk's office to confirm when the judgments were entered. He claimed that the judgments failed to comply with the mandatory provisions of Tennessee Rule of Criminal Procedure 32(e). Attached to the motion were judgments for Counts 1 and 2 of Case No 93-0-1660. The judgment in Count 1 shows that Defendant pled guilty to felony murder and was sentenced to life. The judgment in Count 2 shows that Defendant pled guilty to especially aggravated robbery and was sentenced to fifteen years to be served concurrently with the life sentence. Both

judgments were signed by the criminal court judge, and July 15, 1994, was written above "Date of Entry of Judgment." The judgments are stamped "Received Jul 19 1994" in the upper right hand corner.

The trial court summarily dismissed the motion finding that the Rules of Criminal Procedure, not the Rules of Civil Procedure, govern criminal cases. The trial court also noted that Tennessee Rule of Criminal Procedure Rule 32 mandates that "a judgment of conviction must be 'signed by the judge and entered by the clerk' and must contain the plea, the verdict, and adjudication and sentence."

A defendant in a criminal case does not have an appeal as of right in every instance. *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017). Tennessee Rule of Appellate Procedure 3(b) provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b).

Tennessee Rule of Civil Procedure 1 governs "civil actions" and courts "exercising the civil jurisdiction of the circuit or chancery courts[.]" As this court previously noted:

> Judgments of conviction are criminal matters and are therefore not governed by the rules of civil procedure. Instead, they are governed by the rules and statutes dealing with criminal procedure. For this reason,

Petitioner's reliance on Rule 60.02 of the Tennessee Rules of Civil Procedure is misplaced.

*Duane M. Coleman v. State*, No. M2012-00848-CCA-R3-PC, 2013 WL 948430, at *2 (Tenn. Crim. App. Mar. 11, 2013), *no perm. app. filed*; *see also Andre L. Mayfield v. State*, No. M2012-00228-CCA-R3-HC, 2012 WL 5378078, at *2 (Tenn. Crim. App. Oct. 26, 2012) ("Petitioner's reliance on Tennessee Rule of Civil Procedure 60.02 is misplaced because the Rules of Civil Procedure are limited in their application to civil matters."), *no perm. app. filed*.

Defendant has no right to appeal from the trial court's decision under Tennessee Rule of Appellate Procedure 3, and therefore, we have no subject matter jurisdiction to hear Defendant's appeal. *Rowland*, 520 S.W.3d at 544. The appeal is dismissed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE