IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 10, 2018

## STATE OF TENNESSEE v. MARTRELL HOLLOWAY

**Appeal from the Criminal Court for Shelby County**
**No. 12-05320, 12-05321    J. Robert Carter, Jr., Judge**

———————————————————

### No. W2017-01816-CCA-R3-CD

———————————————————

Pro se Petitioner, Martrell Holloway, appeals the Shelby County Criminal Court's denial of his "Ex Parte Injunction and/or Show Cause Order" and "Motion to Alter and Amend Judgment Dated August 16, 2017 Denying 'Ex Parte Injunction and/or Show Cause Order.'" On appeal, he argues that his original convictions are invalid because the trial court clerk failed to file-stamp his judgments of conviction in accordance with Tennessee Rule of Criminal Procedure 32(e) and Tennessee Rule of Civil Procedure 58. The State contends that the Petitioner's appeal is not properly before this court, and despite the lack of jurisdiction, the Petitioner is not entitled to relief on the merits of his claim. Upon review, we agree with the State and dismiss this appeal pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Martrell Holloway, Only, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Based on the limited record before us, it appears that on April 29, 2013, the Petitioner entered guilty pleas to two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and three counts of aggravated robbery, for which he received an effective sentence of eighteen years' incarceration. See Martrell Holloway v. State, No. W2015-01402-CCA-R3-PC, 2016 WL 7188801, at *1 (Tenn.

Crim. App. Dec. 9, 2016). Although there was no direct appeal of his conviction or sentence, the Petitioner filed various collateral attacks on his judgments including a "Lamans (sic) Motion to Withdrawl (sic) Plea," which the trial court denied on November 18, 2014, and two petitions for post-conviction relief. See Martrell Holloway v. State, No. W2014-00836-CCA-R3-PC, 2015 WL 129090, at *1 (Tenn. Crim. App. Jan. 9, 2015); Martrell Holloway v. State, No. W2015-01402-CCA-R3-PC, 2016 WL 7188801, at *1 (Tenn. Crim. App. Dec. 9, 2016). The Petitioner withdrew his first petition for post-conviction relief, and the second petition was denied by the trial court, the appeal of which was affirmed by this court. Id.

On July 18, 2017, the Petitioner filed an "Ex Parte Injunction and/or Show Cause Order," claiming the Tennessee Department of Correction "d[id] not have proper custody over [the Petitioner's] person" because the judgment forms for his convictions were not file-stamped, therefore, rendering his sentences invalid. In his motion, the Petitioner requested an ex parte injunction under Tennessee Rule of Civil Procedure 60.02(4) and (5) "releasing him from Judgment Order 12-05320, Counts 1, 2, 3, 6 and 12-05321[.]" The trial court summarily denied relief on August 16, 2017, finding that the "[Petitioner] [was] mistaken in his assertion. A review of the original judgment sheets [show] that they are file-stamped [] on the rear of each." The judgment forms originally contained in the appellate record were single-sided and did not include copies of the rear.[1] On September 11, 2017, the Petitioner filed a hand-written notice of appeal asserting his right under Rule 3 of the Tennessee Rules of Appellate Procedure to appeal the trial court's denial of his "Ex Parte Injunction and/or Show Cause order, Dated August 16, 2017" and "Motion to Alter and Amend Judgment Dated August 16, 2017 Denying 'Ex Parte Injunction and/or Show Cause order.'" In his notice he asserts that the appeal "shall be on the trial court's abuse of discretion in denying relief on either and/or both above listed pleadings . . . pursuant to Rule 60.02(4)(5), Tenn. R. Civ. P." One day after he filed his notice of appeal, the Petitioner filed a "Motion to Alter and Amend Judgment Dated August 16, 2017 Denying 'Ex Parte Injunction and/or Show Cause Order'" with the trial court arguing that the "[trial] court's reference to the handwritten notation on the rear of each judgment does not equate to the 'file-stamp' contemplated by Rule 32(e)" and the "judgment sheets contain no 'file-stamp' date on their face." In conclusion, the Petitioner asked the trial court to "correct its order" and grant a hearing on the issue. On September 13, 2017, the trial court again denied relief finding that the judgments were "valid in spite of [the Petitioner's] contention that the authentication or 'file-stamp' must be on the front page of the judgment." This appeal followed.

---

[1] In response to an order of this court requesting the second page of the document, the trial court clerk provided that "no such document existed." However, as noted later in this opinion, the second or back page of the document was eventually found and submitted by the clerk to this court.

- 2 -

# ANALYSIS

As with any case, we must first determine whether we have jurisdiction. The State argues, and we are inclined to agree, that summary dismissal of this case is appropriate because Rule 3 of the Tennessee Rules of Appellate Procedure does not provide for an appeal of the denial of an "Ex Parte Injunction and/or Show Cause Order." This court has appellate jurisdiction over final judgments of trial courts in criminal cases "or proceedings instituted with reference to or arising out of a criminal case." T.C.A. § 16-5-108(a)(1), (a)(2). Nevertheless, "[a] defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)." State v. Rowland, 520 S.W.3d 542, 545 (Tenn. 2017). Rule 3(b) of the Tennessee Rules of Appellate Procedure provides:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b) (emphasis added). Because an appeal from an order denying "Ex Parte Injunction and/or Show Cause order" or a "Motion to Alter and Amend Judgment []  Denying 'Ex Parte Injunction and/or Show Cause order'" is not specifically enumerated in Rule 3, the Petitioner has no appeal as of right and this case is not properly before this court. Accordingly, the Petitioner's appeal is dismissed.

While this case was pending, the Petitioner filed two other motions, one of which was previously denied. The latest motion, we deny as incorporated by this opinion. In response to the trial court clerk's supplementing the record with the back of the judgment on August 31, 2018, the Petitioner filed the pending motion, dated September 12, 2018, entitled "Motion For Relief From Judgment Or Motion to Dissmiss An Favor (sic)," requesting relief based on the trial court clerk's failure to timely respond to this court's

request to supplement the record. This motion does not require discussion because the Petitioner does not state any valid grounds for relief. Accordingly, it is denied.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgments of the trial court are, therefore, affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

## CONCLUSION

Based on the foregoing, the Petitioner's appeal is dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE