IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs February 11, 2025

**STATE OF TENNESSEE v. MARCUS FITTS**

**Appeal from the Criminal Court for Sumner County**
**No. 2008-400          Dee David Gay, Judge**

_____

**No. M2024-00984-CCA-R3-CD**

_____

The pro se Defendant, Marcus Fitts, attempts to appeal the Sumner County Criminal Court's summary dismissal of his motion to remove the sexual offender registry requirement from his judgment of conviction for attempted aggravated sexual battery. Because the Defendant has no grounds to appeal the summary dismissal of his motion, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and KYLE A. HIXSON, J., joined.

Marcus Fitts, Shelbyville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and J. Katie Neff, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On September 18, 2008, the Defendant, indicted for aggravated sexual battery based on his having sexually touched a nine-year-old girl's buttocks, pled guilty in the Sumner County Criminal Court to attempted aggravated sexual battery, a Class C felony. Pursuant to his plea agreement, he was sentenced to serve five years at 30% in the Tennessee Department of Correction. Included in both the plea paperwork and in the judgment were the requirements that the Defendant register as a sex offender and be subject to community

supervision for life. Pursuant to Tennessee Code Annotated sections 40-39-204 and 39-13-524, these requirements are mandated for a conviction for attempted aggravated sexual battery. Both requirements were handwritten in the "special conditions" box of the plea agreement, but neither the "Registration as a Sex Offender" nor "Lifetime Supervision" box was checked on the preprinted portion of the plea agreement that listed possible terms included in the plea agreement. These requirements were indicated in the judgment.

On July 28, 2023, the Defendant filed a pro se motion to remove the lifetime supervision requirement, claiming that the requirement was not properly listed on the plea paperwork. On September 21, 2023, the trial court granted the Defendant's motion on the basis that "[l]ifetime supervision was not listed as a requirement for this Defendant."[1] The court made no findings in the order, and the transcript of the proceeding was not included in the record.

On May 6, 2024, the Defendant filed another pro se motion, which he styled as "Motion to lift and or Remove the Registration as a sex offender from the lack of completion of document[.]" He argued that the fact that the registration as a sex offender portion of the plea agreement was not filled in on his plea paperwork made his "plea illegitimate." He asserted that he was "not asking to [a]ppeal the [c]onviction" but "[o]nly to remove what is not legalize [sic] from the lack of completion."

On May 15, 2024, the trial court summarily denied the motion on the basis that "[t]he requirement that defendant 'must register as a sex offender' is included in his judgment." This court subsequently entered an order granting the Defendant's request to have the timely notice of appeal requirement waived.

## ANALYSIS

In his brief, the Defendant questions how the trial court could grant his motion to remove the lifetime supervision requirement and yet deny his motion to remove the sex offender registration requirement, asking "[h]ow can one be legally binding and or included but not the other if they both was [sic] not listed in the final disposition of the plea agreement?" The State responds by arguing, among other things, that this court should dismiss the appeal because the Defendant has no appeal as of right from the trial court's denial of his motion. We agree with the State.

"A defendant in a criminal case does not have an appeal as of right in every instance." *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017). Tennessee Rule of

---

[1] Since both the guilty plea and judgment showed these requirements, it is unknown why the trial court granted this motion.

Appellate Procedure 3(b) provides that a defendant in a criminal case has an appeal as of right:

> from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation; an order denying a motion for reduction of sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure; from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceedings from a final order on a request for expunction; and from the denial of a motion to withdraw a guilty plea under Rule 32(f), Tennessee Rules of Criminal Procedure.

Tenn. R. App. P. 3(b).

"A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)." *State v. Bobo*, 672 S.W.3d 299, 302 (Tenn. Crim. App. June 12, 2023) (citations omitted). Because Rule 3(b) does not provide for an appeal from the trial court's grant or denial of a motion to remove the registration as a sex offender requirement, we conclude that the Defendant does not have an appeal as of right in this matter and that the appeal must, therefore, be dismissed.

## CONCLUSION

Based on our review, we conclude that this appeal is not properly before this court. Accordingly, we dismiss the appeal.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE

- 3 -