IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 18, 2025

## PAUL CLIFFORD MOORE JR. v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
No. 99919     Steven Wayne Sword, Judge
_____

### No. E2024-00754-CCA-R3-CD
_____

Petitioner, Paul Clifford Moore, Jr., appeals the Knox County Criminal Court's summary dismissal of his "Motion for Plain Error Review in an Alternative Petition for Extraordinary Writ." He argues that the trial court's sequential jury instructions were improper and prevented the jury from returning a verdict of voluntary manslaughter rather than second degree murder. Upon review of the entire record, the briefs of the parties, and the applicable law, we conclude that Petitioner does not have an appeal as of right under Rule 3 of the Tennessee Rules of Appellate Procedure; accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Paul Clifford Moore, Jr., Henning, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; J. Katie Neff; Assistant Attorney General; Charme P. Allen, District Attorney General; and Larry Dillon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual and Procedural Background

In July 2012, Petitioner was indicted for three counts of first degree murder for the shooting deaths of his wife, his wife's sister, and his wife's paramour. *State v. Moore*, No. E2015-00585-CCA-R3-CD, 2016 WL 2865759, at *1 (Tenn. Crim. App. May 12, 2016), *perm. app. denied* (Tenn. Sept. 22, 2016). At trial, Petitioner "claimed that as a result of seeing the three victims engaged in sexual activity, he intended to commit suicide but instead the victims were killed." *Id.* The jury was instructed on first degree murder as

charged, and second degree murder and voluntary manslaughter as lesser-included offenses. *Id.* at \*6-7. The jury convicted Petitioner of three counts of second degree murder and the trial court imposed an effective thirty-year sentence. *Id.* at \*1, \*25. On direct appeal, among other challenges, Petitioner argued that "sequential jury instructions, like those given in his case, prevent a jury from ever returning a verdict of voluntary manslaughter." *Id.* at \*19. Specifically, Petitioner argued that the jury instructions defined voluntary manslaughter as having the same two elements as second degree murder plus the additional element of a state of passion, but permitted the jury to consider voluntary manslaughter only *after* determining that Petitioner was not guilty of second degree murder. *Id.* This court noted that the jury instructions in Petitioner's case were "substantially in accordance with the Tennessee Pattern Jury instructions" and included the distinction between second degree murder and voluntary manslaughter after the elements of both offenses. *Id.* This court affirmed Petitioner's convictions. *Id.* at \*27. The Tennessee Supreme Court denied Petitioner's application for permission to appeal.

On April 25, 2024, Petitioner filed a "Motion for Plain Error Review in an Alternative Petition for Extraordinary Writ" with his judgments of conviction attached. Relying upon Tennessee Rule of Criminal Procedure 36.1; Tennessee Code Annotated section 29-21-101; the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; article I, sections eight, nine, and fifteen of the Tennessee Constitution; "and any other available statute(s)," Petitioner asserted that the "trial court committed a plain error in jury instruction which resulted in the miscarriage of justice." He argued that his "right to be tried by jury with lesser-included offenses" was violated because the sequential jury instructions required the jury to determine his guilt or innocence on second degree murder prior to considering voluntary manslaughter. Petitioner alleged that had the jury been instructed to consider voluntary manslaughter either before or simultaneously with second degree murder, a rational jury would have "more than likely" found him guilty of voluntary manslaughter rather than second degree murder, thereby decreasing his sentencing range.

Petitioner further claimed that trial counsel failed to offer the "constitutional jury instruction before and during the trial" and appellate counsel "should have challenged the unconstitutional jury instruction matter during appeal." In his request for "the [un]constitutionality review and plain error review," Petitioner asserted that his claims are "well recorded in the trial proceeding," that constitutional laws were breached, that there was "no tactical reason to waive such a constitutional issue[,]" that he suffered prejudice because the error increased his sentencing range, and that justice required "a proper correction of the [j]ury [i]nstruction for public good."

On May 7, 2024, the trial court entered a written order summarily denying Petitioner's motion. The trial court noted that although Petitioner cited Tennessee Rule of

Criminal Procedure 36.1, there was no allegation that Petitioner received an illegal sentence. Further, Petitioner cited "several constitutional provisions; however, he does not delineate how the court would have jurisdiction or how these provisions entitle him to a new trial." The trial court also found that Petitioner was not entitled to habeas corpus relief because the convicting court had jurisdiction to sentence Petitioner and Petitioner's sentence had not expired. Finally, the trial court determined that Petitioner's issue was previously determined on direct appeal.

Petitioner filed a timely notice of appeal.

## Analysis

On appeal, Petitioner asserts that "the jury instruction should have been in different sequence of deliberation in an effort to protect Petitioner's Due Process, Trial By Jury, and Fundamental Fairness of the Case" under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, sections six, eight, nine, and fourteen of the Tennessee Constitution. The State argues that Petitioner's appeal should be dismissed because he does not have a right to appeal. Alternatively, the State contends that the trial court properly dismissed Petitioner's motion because the issue was previously determined on direct appeal. We agree with the State that Petitioner does not have a right of appeal.

"A defendant in a criminal case does not have an appeal as of right in every instance." *State v. Bobo*, 672 S.W.3d 299, 302 (Tenn. Crim. App. 2023) (citing *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017)). "A defendant in a criminal case has no appeal as of right unless it is enumerated in" Tennessee Rule of Appellate Procedure 3(b):

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation; an order denying a motion for reduction of sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; an order or judgment pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal

Procedure; from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceedings from a final order on a request for expunction; and from the denial of a motion to withdraw a guilty plea under Rule 32(f), Tennessee Rules of Criminal Procedure.

*Rowland*, 520 S.W.3d at 545; *Bobo*, 672 S.W.3d at 302.

Even "constru[ing] . . . Petitioner's filing liberally, as pro se litigants are afforded under our law[,]" the substance of Petitioner's motion does not provide an appeal as of right. *Hassman v. State*, No. W2018-01739-CCA-R3-CD, 2019 WL 1110438, at *1 (Tenn. Crim. App. Mar. 11, 2019). While Petitioner relied, in part, upon Rule 36.1 and habeas corpus relief in the trial court, he did not reference or cite to the rule or applicable statutes in his brief and has thus abandoned these claims on appeal. *See* Tenn. R. Crim. P. 36.1 (Correction of Illegal Sentence); T.C.A. § 29-21-101 *et seq* (Habeas Corpus).

Additionally, in both his motion and his brief to this court, under the heading "Ineffective Assistance of Counsel[,]" Petitioner asserts that trial and appellate counsel failed to challenge the jury instructions. However, Petitioner does not provide a factual basis for this claim, cite to any appropriate authority, or provide argument regarding a claim of ineffective assistance of counsel. Thus, to the extent Petitioner attempts to raise an ineffective assistance of counsel claim, such claim is waived due to insufficient briefing. *See* Tenn. R. App. P. 27(a)(7) (stating that a brief shall include an argument section that cites to appropriate authority and includes the reasons why the contentions require appellate relief); Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

Because Petitioner does not have a right of appeal under Tennessee Rule of Appellate Procedure 3(b), we dismiss the appeal.

## CONCLUSION

For the foregoing reasons, Petitioner's appeal is dismissed.

s/ *Jill Bartee Ayers*
JILL BARTEE AYERS, JUDGE

- 4 -