FILED

01/29/2020

Clerk of the
Appellate Courts

IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 6, 2019 Session


**STATE OF TENNESSEE v. CARL ALLEN a/k/a ARTIE PERKINS**


**Appeal by Permission from the Court of Criminal Appeals
Criminal Court for Shelby County
No. 10-07241, 11-01048    Paula L. Skahan, Judge**

_____

**No. W2017-01118-SC-R11-CD**

_____


We granted this appeal to determine whether the criminal court had authority to grant motions filed by the Tennessee Bureau of Investigation ("TBI") and to modify an order dismissing criminal prosecutions several years after the order became final. Carl Allen ("Mr. Allen") was indicted in November 2010 and February 2011 for violating certain reporting provisions of the Tennessee Sexual Offender Registration, Verification, and Tracking Act ("the Registration Act") applicable to violent sexual offenders. By a written order filed on February 3, 2012, the criminal court granted Mr. Allen's motion to dismiss the indictments based on its determination that Mr. Allen's 1995 Florida sexual battery conviction required him to comply only with the Registration Act's reporting provisions relating to sexual offenders and not those relating to violent sexual offenders. The State did not appeal the February 3, 2012 order; therefore, it became final thirty days after entry. Almost three years later, in December 2014, the TBI returned to the criminal court and filed a motion to intervene in the dismissed criminal cases, citing Rule 24.01 of the Tennessee Rules of Civil Procedure, and a motion for relief from the February 3, 2012 order, citing Rule 60.02 of the Tennessee Rules of Civil Procedure. The TBI argued that, in expressing the basis of its decision to dismiss the indictments, the criminal court exercised civil jurisdiction by ruling on Mr. Allen's offender classification under the Registration Act. The TBI asserted that the criminal court lacked authority to determine Mr. Allen's offender classification and that the portion of its February 3, 2012 order doing so was void and should be vacated. The criminal court agreed with the TBI's arguments, and by a May 3, 2017 order, partially vacated its February 3, 2012 order. Mr. Allen appealed. The Court of Criminal Appeals dismissed his appeal without ruling on the merits after concluding that Mr. Allen had no right of appeal in these circumstances. State v. Allen, No. W2017-01118-CCA-R3-CD, 2018 WL 6595352, at *4 (Tenn. Crim. App. Dec. 13, 2018), appeal granted, (Tenn. May 24, 2019). We hold, as the TBI now concedes, that Mr. Allen had a right to appeal from the criminal court's May 3, 2017

order that partially vacated its February 3, 2012 order. We also hold that the criminal court was not exercising civil jurisdiction in its February 3, 2012 order when it granted Mr. Allen's motion to dismiss the criminal indictments. We further conclude that the criminal court had no authority to modify or partially vacate its February 3, 2012 order, except to correct clerical errors, oversights, or omissions in accordance with Tennessee Rule of Criminal Procedure 36. Because the criminal court exceeded the authority Rule 36 provides, we vacate the May 3, 2017 order and confirm that the February 3, 2012 order remains intact and final.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Judgment of the Trial Court Vacated**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which JEFFREY S. BIVINS, C.J., and SHARON G. LEE, HOLLY KIRBY, and ROGER A. PAGE, JJ., joined.

Monica A. Timmerman, Bartlett, Tennessee, for the appellant, Carl Allen a/k/a Artie Perkins.

Herbert H. Slatery III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Dianna Baker Shew, Senior Assistant Attorney General for the appellee, Tennessee Bureau of Investigation.

**OPINION**

**I. Background[1]**

In 1994, Tennessee enacted the Sexual Offender Registration and Monitoring Act of 1994 ("the 1994 Act").[2] See Tenn. Code Ann. §§ 40-39-101 to -108 (Supp. 1994). The 1994 Act required persons convicted of sexual offenses to register with the TBI. Id. § 40-39-103. The 1994 Act tasked the TBI with creating and distributing registration forms to local law enforcement agencies, id. § 40-39-105(a), with monitoring sexual

---

[1] Like the Court of Criminal Appeals, we derive the facts in this opinion from the record of the present appeal and from the record of a previous appeal involving this same matter of which we take judicial notice. State v. Allen, No. W2015-00866-CCA-R3-CO (Tenn. Crim. App. Jan. 10, 2017) (Order).

[2] For a discussion of the impetus for and adoption of sexual offender registration laws in Tennessee and throughout the United States consult Ward v. State, 315 S.W.3d 461, 467-68 (Tenn. 2010) and Cutshall v. Sundquist, 193 F.3d 466, 469-471 (6th Cir. 1999).

- 2 -

offenders, id. § 40-39-104(a), and with maintaining Tennessee's sexual offender registry, id. § 40-39-106. The 1994 Act applied not only to persons convicted of sexual offenses in Tennessee but also to persons convicted of sexual offenses in other jurisdictions who were present in Tennessee. Id. §§ 40-39-102(2), -103(a).

On February 15, 1995, Mr. Allen[3] entered a nolo contendere plea in Pinellas County, Florida to sexual battery. See Fla. Stat. Ann. § 794.011(1)(h) (Supp. 1994).[4] He received a ten-year sentence but was released early and relocated to Tennessee. By a July 11, 2001 letter, the TBI notified Mr. Allen of his statutory obligation to register in Tennessee pursuant to the 1994 Act. It is undisputed in this appeal that Mr. Allen complied and registered as the TBI instructed.

In 2004, the General Assembly replaced the 1994 Act with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004. See Act of June 8, 2004, ch. 921, 2004 Tenn. Pub. Acts 2106 (now codified as Tenn. Code Ann. §§ 40-39-201 to -215 (2019)).[5] The Registration Act divides sexual offenders into two categories—sexual offenders and violent sexual offenders. Tenn. Code Ann. §§ 40-39-202(19), (30). It defines "sexual offender" as "a person who has been convicted in this state of committing a sexual offense or has another qualifying conviction." Id. § 40-39-202(19). It defines "sexual offense" by enumerating Tennessee criminal offenses and citing to the Tennessee code sections defining these offenses. Id. § 40-39-202(20). Sexual battery as defined in Tennessee Code Annotated section 39-13-505 is listed as a "sexual offense." Id. § 40-39-202(20)(A)(i).

The Registration Act defines the second category—violent sexual offender—as "a person who has been convicted in this state of committing a violent sexual offense or has another qualifying conviction." Id. § 40-39-202(30). It defines "violent sexual offense" by enumerating Tennessee criminal offenses and citing to the Tennessee code sections defining them. Id. § 40-39-202(31). It lists rape as defined in Tennessee Code Annotated section 39-13-503 as a violent sexual offense. Id. § 40-39-202(31)(B).

---

[3] Mr. Allen is also known as Artie Perkins.

[4] This 1994 Florida law defined "sexual battery" as meaning "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose."

[5] The Registration Act remains in effect, although it has been amended many times since its enactment. Citations are to the current version of the statute because none of the statutory changes have any bearing on the dispositive issue in this appeal.

The Registration Act, like the 1994 Act, applies to persons, like Mr. Allen, who reside in Tennessee but who have been convicted of "an offense committed in another jurisdiction that would be classified as a sexual offense or a violent sexual offense if committed in this state." Id. §§ 40-39-202(1), 40-39-203(c). Nevertheless, the Registration Act provides little guidance on how to determine whether offenses committed in other jurisdictions are to be classified as a sexual offense or violent sexual offense for purposes of classifying such offenders as either sexual or violent sexual offenders. See Id. § 40-39-202(1) (stating only that the Registration Act applies to "a conviction . . . for an offense committed in another jurisdiction . . . that would be classified as a sexual offense or a violent sexual offense if committed in [Tennessee]" but providing no method of determining how the conviction would be classified in Tennessee); id. § 40-39-207(g)(2)(B)[6] (stating in another expressly limited provision that a "'[p]rior conviction' includes convictions under the laws of any other state, government or country that, if committed in this state, would constitute a sexual offense"); id. (stating that "[i]f an offense in a jurisdiction other than this [S]tate is not identified as a sexual offense in this [S]tate, it shall be considered a prior conviction if the elements of the offense are the same as the elements for a sexual offense").

Additionally, the Registration Act is not clear on which entity should undertake the task of initially classifying persons with out-of-state convictions. The Registration Act changed the 1994 Act by transferring much of the responsibility for registering and monitoring sexual offenders and violent sexual offenders from the TBI to local entities–"registering agenc[ies]"[7] and "designated law enforcement agenc[ies]."[8] Under the Registration Act, the TBI remains responsible for designing, printing, and distributing registration forms, id. § 40-39-205(a), maintaining the SOR—"the TBI's centralized

---

[6] The lack of clarity is exacerbated because Tennessee Code Annotated section 40-39-207(g) has two subsections designated as "(2)." The language quoted herein appears in the second subsection designated (g)(2) (which should have been designated (g)(3)). Interestingly, the second subsection erroneously designated (g)(2) provides definitions only "for purposes of" the first subsection designated (g)(2).

[7] Tennessee Code Annotated section 40-39-202(14) defines "registering agency" as "a sheriff's office, municipal police department, metropolitan police department, campus law enforcement agency, the Tennessee department of correction, a private contractor with the Tennessee department of correction or the board." Tenn. Code Ann. § 40-39-202(14).

[8] Tennessee Code Annotated 40-39-202(2) defines "designated law enforcement agency" as "any law enforcement agency that has jurisdiction over the primary or secondary residence, place of physical presence, place of employment, school or institution of higher education where the student is enrolled or, for offenders on supervised probation or parole, the department of correction or court ordered probation officer." Tenn. Code Ann. § 40-39-202(3).

- 4 -

record system of offender registration, verification and tracking information," id. §§ 40-39-202(22), -204, -206, and serving as the "central repository for all original TBI registration forms and any other forms" required by or deemed necessary for the enforcement of the Registration Act, id. § 40-39-204(d). But the Registration Act charges "the offender's designated registering agency, its representatives and designees, including any district attorney general's criminal investigator" with "the duty" of verifying "the accuracy and completeness of all information contained in the offender's SOR." Id. § 40-39-205(b).

To ensure that information in the SOR remains accurate and complete, the Registration Act requires sexual offenders to report in person once each year to their designated law enforcement agencies and update the required information, including fingerprints, palm prints, and photographs. Id. § 40-39-204(c). Violent sexual offenders must report in person to their designated law enforcement agencies four times each calendar year—in March, June, September, and December—to update this same information. Id. § 40-39-204(b)(1). "Whenever there is a factual basis to believe that an offender has not complied" with the Registration Act, "the TBI shall make the information available through the SOR to the district attorney general, designated law enforcement agencies and the probation officer, parole officer or other public officer or employee assigned responsibility for the offender's supervised release." Id. § 40-39-206(b). Sexual offenders and violent sexual offenders who fail to register or report timely, or fail in other ways to comply with the Registration Act, may be charged with a Class E felony criminal offense. Id. § 40-39-208(b).

The 2004 Registration Act expressly applied to Mr. Allen. See Act of June 8, 2004, ch. 921, 2004 Tenn. Pub. Acts 2106. ("All sexual offenders who were . . . subject to the provisions of [the 1994 Act] shall . . . be subject to the provisions of [the Registration Act].").  He registered upon being advised to do so in 2001, but the record does not indicate what agency was his "designated law enforcement agency." He remained classified as a sexual offender subject to the annual reporting requirements until January 14, 2009, when an unidentified registering agency reclassified him as a violent sexual offender. This reclassification made him subject to the quarterly reporting requirements, among other things. The record contains neither an explanation for this reclassification nor any information about whether Mr. Allen was notified of it. In any case, on July 2, 2010, an unidentified registering agency updated Mr. Allen's address and, for reasons again not reflected in the record, changed his classification back to sexual offender. The record again lacks information about the basis of this reclassification or whether Mr. Allen received notice of it.

After this reclassification, on November 18, 2010, the Shelby County Grand Jury returned an indictment in case number 10-07241 charging that Mr. Allen "did unlawfully and knowingly fail to report in person at least once during the month of June, 2009 to the designated law enforcement agency to update such offender's fingerprints, palm prints and photograph and to verify the continued accuracy of the information in the TBI registration form . . . ." Subsequently, on February 24, 2011, the Shelby County Grand Jury returned an indictment in case number 11-01048 charging that "between July 1, 2010 and July 7, 2010 [Mr. Allen]. . . did unlawfully and knowingly, . . . fail to timely report to the designated law enforcement agency, upon release after incarceration[.]"[9] Each indictment charged Mr. Allen with a Class E felony offense for violating the Registration Act. Tenn. Code Ann. § 40-39-208(b) ("A violation of this part is a Class E felony.").

Mr. Allen moved to dismiss the indictments in the Criminal Court for Shelby County. He argued, as relevant to this appeal,[10] that his proper classification based on the 1995 Florida sexual battery conviction is sexual offender, not violent sexual offender. The criminal court held a hearing on Mr. Allen's motion on September 9, 2011, and on October 31, 2011, entered an order denying it, thus leaving the criminal charges pending against Mr. Allen. However, on February 3, 2012, the criminal court entered sua sponte an amended order.[11] At some point after entry of its initial order, the criminal court received and reviewed the transcript of Mr. Allen's Florida plea submission hearing. The criminal court determined that the stipulated facts to which Mr. Allen entered the Florida nolo contendere plea "[did] not amount to a violent sexual offense in Tennessee." The criminal court therefore agreed with Mr. Allen that his "proper classification with the TBI is that of a 'sexual offender' and not a 'violent sex offender.'" That same day, February 3, 2012, the criminal court entered judgments in case numbers 10-07241 and 11-01048 and checked the box next to "Dismissed/Nolle Prosequi" on the judgments. The State did not appeal the criminal court's February 3, 2012 amended order or file any motion that would have tolled the time for appealing. Therefore, the order became final thirty days after its entry.

---

[9] The record does not reflect the reason for Mr. Allen's incarceration.

[10] Mr. Allen also argued that his Florida nolo contendere plea should not be considered a conviction. The criminal court properly rejected this argument. See Tenn. Code Ann. § 40-39-202(1) (defining conviction as including nolo contendere pleas).

[11] The criminal court entered a single order on February 3, 2012, which referenced the case numbers for both indictments.

More than two years later, in April 2014, Mr. Allen submitted to the TBI a request for termination of the registration requirements, as persons classified as sexual offenders are statutorily permitted to do ten years after completion of their sentences. See Tenn. Code Ann. § 40-39-207(a)(1). Violent sexual offenders remain subject to the Registration Act's requirements for life. Id. § 40-39-207(g)(2)(B). The Registration Act provides that when the TBI receives a request for termination of registration requirements it "shall review documentation provided by the offender and contained in the offender's file and the SOR, to determine whether the offender has complied with [the Registration Act]." Id. § 40-39-207(b). The TBI must also "conduct fingerprint-based state and federal criminal history checks, to determine whether the offender has been convicted of any additional sexual offenses, . . . or violent sexual offenses . . . ." Id. The TBI "shall remove an offender's name from the SOR and notify the offender that the offender is no longer required to comply" with the Registration Act "if it is determined that . . . "[t]he offender has not been convicted of any additional sexual offense or violent sexual offense during the ten-year period and the offender has substantially complied with [the Registration Act]." Id. § 40-39-207(c)(3).

Although the Registration Act does not explicitly give the TBI authority to reclassify offenders who request termination of registration requirements, the TBI did so here after receiving and reviewing Mr. Allen's request. Specifically, the TBI notified Mr. Allen that it had discovered he had been misclassified as a sexual offender and that it had reclassified him as a violent sexual offender. In an affidavit included in the record on appeal, the TBI's general counsel explained the basis for Mr. Allen's reclassification. General counsel stated that, after reviewing the Florida statute defining the sexual battery offense to which Mr. Allen had pleaded guilty, as well as the "plea minutes" of the Florida plea submission hearing, and after "consultation with the Attorney General's Office," the TBI had determined that the act for which Mr. Allen had been convicted in Florida amounted "to penetration of an unconscious victim's vagina with his finger." As a result, the TBI had determined that Mr. Allen's Florida sexual battery conviction is most closely analogous to the Tennessee offense of rape rather than sexual battery. Tennessee law defines rape as a violent sexual offense. The TBI therefore advised Mr. Allen that, as a result of his reclassification to violent sexual offender, he was not eligible for termination of the registration requirements and would be required to comply with the Registration Act for life.

Mr. Allen exercised his right to seek review of the TBI's denial of his request for termination of the registration requirements in the Chancery Court for Shelby County. Tenn. Code Ann. § 40-39-207(g)(1). Although the record on appeal here does not include the record of the chancery court proceeding, it is undisputed in this appeal that in the chancery court Mr. Allen relied on the criminal court's February 3, 2012 order dismissing the indictments based on its determination that his Florida sexual battery conviction required him to register as a sexual offender not as a violent sexual offender.

Upon learning of Mr. Allen's reliance on the February 3, 2012 order, the TBI returned to the criminal court on December 1, 2014—almost three years after the criminal indictments had been dismissed—and filed two motions. First, the TBI moved to intervene in the dismissed criminal cases, relying on Rule 24.01 of the Tennessee Rules of Civil Procedure. Second, the TBI filed a motion for relief from the criminal court's February 3, 2012 order, relying on Rule 60.02 of the Tennessee Rules of Civil Procedure. The TBI argued that the criminal court had exercised civil jurisdiction when it determined Mr. Allen's offender classification in its February 3, 2012 order for purposes of ruling on Mr. Allen's motion to dismiss the indictments. The TBI argued that the criminal court lacked jurisdiction to review the TBI's offender classification and asserted that the criminal court should vacate as void the portions of its February 3, 2012 order relating to Mr. Allen's offender classification pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure.

On January 5, 2015, the criminal court granted the TBI's motions. Mr. Allen appealed. In an unpublished order, the Court of Criminal Appeals vacated the criminal court's January 5, 2015 order and remanded for the appointment of counsel for Mr. Allen and a new hearing thereafter on the TBI's motions. State v. Allen, No. W2015-00866-CCA-R3-CO (Tenn. Crim. App. Jan. 10, 2017) (Order).

When the matter returned to the criminal court, Mr. Allen, through his appointed counsel, responded to the TBI's motions. Mr. Allen first argued that the TBI lacked standing to intervene in criminal cases generally and had relied erroneously on the Rules of Civil Procedure and precedent interpreting them as the basis for its motion to intervene. Mr. Allen also pointed out that the State had not appealed the criminal court's February 3, 2012 order. In the absence of an appeal, or the filing of some other appropriate post-judgment motion, Mr. Allen argued that the criminal court had no jurisdiction to alter or amend its February 3, 2012 order more than thirty days after its entry and certainly had no jurisdiction many years later to revise or to partially vacate its final order.

The TBI reiterated its earlier arguments that, because the criminal court's February 3, 2012 order ruling on his motion to dismiss the indictments included a determination of Mr. Allen's proper classification under the Registration Act, the criminal court had exercised civil jurisdiction that only chancery courts possess and that, as a result, the February 3, 2012 order was void. The TBI therefore maintained that the criminal court should grant its motion to intervene and motion for relief from judgment under Rules 24.01 and 60.02 of the Tennessee Rules of Civil Procedure and vacate the portion of its February 3, 2012 order relating to Mr. Allen's offender classification.

By a May 3, 2017 order, the criminal court agreed with the TBI's arguments, granted the TBI's motion to intervene and motion for relief from judgment, and vacated as "void for lack of jurisdiction" the portion of its February 3, 2012 order "which orders [the] TBI to change [Mr. Allen's] registry status." The criminal court did not alter the remainder of its February 3, 2012 order dismissing the indictments against Mr. Allen.

Mr. Allen appealed from the criminal court's May 3, 2017 ruling. The Court of Criminal Appeals dismissed his appeal without ruling on the merits after concluding that Mr. Allen had no right of appeal in these circumstances. Allen, 2018 WL 6595352, at *1. This Court granted Mr. Allen's application for permission to appeal and directed the parties to address several issues in addition to those raised in Mr. Allen's application. State v. Allen, W2017-01118-SC-R11-CD (Tenn. May 24, 2019) (order granting Tennessee Rule of Appellate Procedure 11 application).[12]

## II. Standard of Review

The issues presented in this appeal—whether Mr. Allen had a right to appeal from the May 3, 2017 order and whether the criminal court had jurisdiction to modify its February 3, 2012 order—are questions of law to which de novo review applies. See State v. Rowland, 520 S.W.3d 542, 544-45 (Tenn. 2017); State v. Cawood, 134 S.W.3d 159, 163 (Tenn. 2004); State v. Green, 106 S.W.3d 646, 648 (Tenn. 2003).

## III. Analysis

### A. Right of Appeal

The Court of Criminal Appeals dismissed Mr. Allen's appeal for lack of jurisdiction without addressing the merits of his claims upon concluding that Tennessee Rule of Appellate Procedure 3(b), which describes the availability of appeals as of right by defendants in criminal actions, does not afford a right of appeal in these circumstances. The TBI now concedes that Mr. Allen had a right to appeal from the criminal court's May 3, 2017 order modifying its February 3, 2012 order. The TBI asserts that Mr. Allen's right of appeal arises under Tennessee Rule of Appellate 3(a), which describes the availability of appeals as of right in civil actions.

---

[12] This Court directed the parties "to address how, under either Tenn. Code Ann. § 40-39-201, et seq., or any published regulations: 1) the [TBI] classifies out-of-state sexual offenders for registration on the Tennessee Sexual Offender Registry; 2) the TBI notifies offenders of changes in classification; 3) and an offender, once classified or re-classified, can challenge a classification."

We agree with the TBI that Mr. Allen had a right of appeal in these circumstances but conclude that this right arises from Rule 3(b), which affords in criminal cases an "appeal as of right from . . . an order or judgment entered pursuant to [Tennessee] Rule [of Criminal Procedure] 36 . . . ." Tenn. R. App. P. 3(b); see also Tenn. R. Crim. P. 36 (stating that either the defendant or the State may initiate an appeal as of right from the filing of a corrected judgment or order or upon the court's denial of a motion filed pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure). To hold otherwise would exalt form over substance and deprive Mr. Allen of an opportunity to obtain the relief to which he is entitled because, as hereinafter explained, we conclude that the criminal court lacked authority to modify its February 3, 2012 final order.

### B. Civil or Criminal Jurisdiction

The TBI's argument that the criminal court exercised civil rather than criminal jurisdiction in 2012 when it determined Mr. Allen's offender classification for purposes of adjudicating his motion to dismiss the indictments is unconvincing and lacks any legal or factual foundation. Legally, the 2010 and 2011 indictments against Mr. Allen were pleadings in criminal proceedings. See Tenn. R. Crim. P. 12(a). The indictments charged Mr. Allen with Class E felony criminal offenses. See Tenn. Code Ann. § 40-39-208(b). Mr. Allen's motion to dismiss the indictments was a properly filed pretrial motion in the criminal proceedings. See Tenn. R. Crim. P. 12(b). The criminal court's February 3, 2012 order was a permissible adjudication of Mr. Allen's motion, see Tenn. R. Crim. P. 12(e), and, considered along with the judgments of "Dismissed/Nolle Prosequi" the criminal court entered that same day, amounted to a final adjudication of the pending criminal proceedings.

Factually, as the TBI conceded at oral argument, the criminal court did not in its February 3, 2012 order direct the TBI to change Mr. Allen's offender classification. The criminal court simply determined Mr. Allen's offender classification for purposes of adjudicating his motion to dismiss the criminal indictments. Moreover, the criminal court's determination of Mr. Allen's proper offender classification was entirely consistent with the offender classification Mr. Allen had been assigned several months earlier—on July 2, 2010—by an unidentified registering agency. Mr. Allen remained classified as a sexual offender rather than a violent sexual offender until the TBI received his request for termination of the registration requirements in April 2014. Only at that point did the TBI decide on its own to reclassify Mr. Allen as a violent sexual offender. Accordingly, both the legal and factual posture of this case illustrates clearly that the criminal court exercised criminal, not civil, jurisdiction when it granted Mr. Allen's pretrial motion to dismiss the indictments by the February 3, 2012 order. The TBI's argument that the criminal court properly granted it relief from the February 3, 2012 order pursuant to Tennessee Rule of Civil Procedure 60.02, therefore, is without merit. Furthermore, as

hereinafter explained, no other rule or statute authorized the criminal court to grant the TBI's request for relief from the February 3, 2012 order.

## C. Finality of the Order

As this Court has frequently pointed out, a trial court's order becomes final thirty days after its entry, unless a timely notice of appeal or appropriate post-trial motion is filed. Green, 106 S.W.3d at 648; State v. Peele, 58 S.W.3d 701, 704 (Tenn. 2001); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). Once an order becomes final, a trial court loses jurisdiction and generally has no power to modify or amend the order. Green, 106 S.W.3d at 648-49; Peele, 58 S.W.3d at 704; Pendergrass, 937 S.W.2d at 837. The State here filed neither a timely appeal nor any motion in the criminal court that would have tolled the time for filing an appeal, so the February 3, 2012 order became final thirty days after its entry.

It is true that Rule 36 of the Tennessee Rules of Criminal Procedure states that trial courts "may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36. But the criminal court here was not purporting simply to correct a clerical mistake or supply omitted or overlooked information by its May 3, 2017 order. Rather, the criminal court by its May 3, 2017 order partially vacated its final February 3, 2012 order and, by doing so, exceeded the authority Rule 36 provides.[13] For all these reasons, we vacate the criminal court's May 3, 2017 order and confirm that the February 3, 2012 order remains intact and is not subject to modification, except as permitted by Rule 36.

## D. Constitutional Issues

Mr. Allen has also raised for the first time in this Court several challenges to the constitutionality of the Registration Act, many of which relate closely to the issues this Court directed the parties to address in the order granting Mr. Allen's application for permission to appeal. "Generally, issues raised for the first time on appeal are waived." Rowland, 520 S.W.3d at 545 (citing Fayne v. Vincent, 301 S.W.3d 162, 171 (Tenn. 2009)). This general rule of waiver applies to the constitutional challenges Mr. Allen has raised.

---

[13] We also are unaware of any rule or precedent authorizing the criminal court to allow the TBI to intervene in either an open or closed criminal case, but given our conclusion that the criminal court lacked authority to modify its final February 3, 2012 order, we need not address this question.

Nevertheless, Mr. Allen's constitutional challenges, and our own review of this appeal, highlight that the Registration Act provides very little guidance concerning either the process that should be used to determine the proper initial classification of persons convicted of sexual offenses in other jurisdictions or the entity responsible for making that determination. Additionally, a review of case law suggests that differing approaches have been used to determine offender classification in such circumstances. See, e.g., Miller v. Gwyn, No. E2017-00784-COA-R3-CV, 2018 WL 2332050 (Tenn. Ct. App. May 23, 2018); Livingston v. State, No. M2009-01900-COA-R3-CV, 2010 WL 3928634 (Tenn. Ct. App. Oct. 6, 2010), perm. app. dismissed, (Tenn. Jan. 11, 2011). In some instances, only the statutory elements of the out-of-state conviction offense have been examined to determine the most closely analogous Tennessee offense. However, in other circumstances, particularly if the out-of-state conviction offense may be committed by multiple means, the facts underlying the out-of-state conviction have been examined to identify the most closely analogous Tennessee sexual offense. See Miller, 2018 WL 2332050, at *3. The affidavit of the TBI's general counsel indicates that something akin to the second approach—a review of the elements of the Florida statute and a review of "plea minutes which were attached to [Mr. Allen's] complaint"—was used to determine that Mr. Allen's Florida sexual battery conviction was most closely analogous to the Tennessee violent sexual offense of rape. But, again, the Registration Act does not expressly prescribe any of these approaches or processes. Moreover, the statutory provision the TBI relies upon as supporting these approaches and as giving it authority to make the initial determination of an out-of-state offender's proper classification actually relates only to the review the TBI must conduct upon receipt of a request for termination of the registration requirements. Tenn. Code Ann. § 40-39-207(g)(2)(B).[14] The TBI cites no statute authorizing it to make the initial classification determination.

Another troubling aspect of this process is that out-of-state offenders are apparently given no notice of or any opportunity to be heard before or during the initial classification determination. And even though the Registration Act does not expressly authorize *reclassification*, this appeal illustrates that reclassifications occur frequently and without notice to offenders. For example, the record suggests that Mr. Allen first learned of his reclassification when he was indicted and only learned of his multiple reclassifications when he requested termination of the registration requirements after he had already been subject to the Registration Act for ten years, since its enactment in 2004. The Registration Act also does not explicitly provide any procedural means for offenders to challenge a classification or reclassification decision.[15] Additionally, no

---

[14] As previously noted, Tennessee Code section 40-39-207(g) includes two subsections that are designated "(2)." This reference is to the second subsection designated "(2)."

provision of the Registration Act confers upon the TBI the authority to determine initially the proper classification of persons convicted of sexual offenses in other jurisdictions. Thus, while we decline to address Mr. Allen's constitutional issues, we urge the General Assembly to review the Registration Act and provide clarification and guidance about the process that should be used for determining the proper classification of persons convicted in other jurisdictions of sexual offenses and about the entity responsible for making these classification determinations.

Finally, at the risk of stating the obvious, our resolution of this appeal does not resolve the chancery court proceeding involving Mr. Allen's appeal from the TBI's denial of his application for termination of the registration requirements. The record in this appeal does not reflect the status of the chancery court proceeding. Although counsel for the TBI stated at oral argument that the matter has been dismissed, counsel indicated that the dismissal may not have been on the merits. Mr. Allen certainly remains free to return to the chancery court and seek to obtain a final and merit-based adjudication of his appeal from the TBI's denial of his 2014 application for termination of the registration requirements. He also remains free to file a new request with the TBI for termination of the registration requirements. When the TBI denies a request for termination of the registration requirements based on an offender's substantial noncompliance with the Registration Act, the offender must wait five years before again requesting termination from the registration requirements. Tenn. Code Ann. § 40-39-207(d). However, counsel for the TBI represented to this Court during oral argument that this five-year waiting period would not apply to Mr. Allen because the TBI's denial of his request was not based on substantial noncompliance with the Registration Act. Although the attorney appointed to represent Mr. Allen in this criminal matter is not obligated to represent him in the chancery court, we commend counsel for expressing during oral argument her willingness to provide Mr. Allen with pro bono representation in the chancery proceeding should he so desire.[16]

---

[15] The TBI emphasizes that offenders have utilized the Declaratory Judgment Act and the Uniform Administrative Procedures Act to challenge classifications. See, e.g., Miller, 2018 WL 2332050, at *2-3 (allowing an offender to challenge the TBI's decision to reinstate him to the SOR by filing a petition for judicial review under the Uniform Administrative Procedures Act, Tenn. Code Ann. §§ 4-5-101 to 4-5-502); Doe v. Gwyn, No. E2010-01234-COA-R3-CV, 2011 WL 1344996 (Tenn. Ct. App. Apr. 8, 2011), perm. app. denied, (Tenn. Aug. 24, 2011) (allowing an offender to challenge the constitutionality of the Registration Act by filing a declaratory judgment action under Tennessee Code Annotated sections 29-14-101 to 29-14-113). Nonetheless, the Registration Act does not itself explicitly authorize out-of-state offenders to use these or any other procedure to challenge their initial classifications.

[16] Appointed counsel may receive compensation for her representation of the defendant in this appeal of course, and may, should she so choose, file a motion with this Court requesting an order declaring this appeal complex or extended. Tenn. Sup. Ct. R. 13, § 2(e).

## IV. Conclusion

For the reasons stated herein, the May 3, 2017 order of the criminal court is vacated and the February 3, 2012 order of the criminal court remains intact, final, and not subject to modification, except as permitted by Tennessee Rule of Criminal Procedure 36. Costs of this appeal are taxed to the Tennessee Bureau of Investigation for which execution may issue if necessary.

_____

CORNELIA A. CLARK, JUSTICE