IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 21, 2024

**STATE OF TENNESSEE v. ANTWAIN TAPAIGE SALES**

**Appeal from the Circuit Court for Bedford County
Nos. 16157, 16158    Forest A. Durard, Jr., Judge**

---

**No. M2023-00948-CCA-R3-CD**

---

The pro se petitioner, Antwain Tapaige Sales, appeals the Bedford County Circuit Court's order dismissing his Rule 36.1 motion to correct an illegal sentence. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ and MATTHEW J. WILSON, JJ., joined.

Antwain Tapaige Sales, Whiteville, Tennessee, pro se.

Jonathan Skrmetti, Attorney General and Reporter, and Edwin Alan Groves, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner pled guilty to second degree murder and attempted second degree murder in case number 16158 on April 23, 2007, receiving a sentence of 40 years for the former and 30 years for the latter. The trial court ordered these sentences to run concurrently with one another, with the effective sentence of 40 years to be served consecutively to his prior sentences in case numbers 14619 and 14778. On May 23, 2011, the petitioner filed a petition for post-conviction relief, which the post-conviction court dismissed as untimely. *Antwain Tapaige Sales v. State*, No. M2011-02001-CCA-R3-PC, 2012 WL 4479283, at *1 (Tenn. Crim. App., Nashville, Sept. 27, 2012). This court affirmed the judgment of the post-conviction court. *Id.* The petitioner also filed unsuccessful state and federal habeas corpus petitions. *See Antwain Tapaige Sales v. State*, No. E2020-01471-CCA-R3-HC, 2021 WL 1994072, at *1 (Tenn. Crim. App., Knoxville, May 19, 2021); *see also Antwain T. Sales v. Sharon Taylor, Warden*, No. 4:14-CV-58-HSM-SKL, 2015 WL 4487833, at *1 (E.D. Tenn. July 23, 2015).

On March 9, 2020, the petitioner filed an unsuccessful Rule 36.1 motion to correct an illegal sentence, contending that his sentence was illegal because at the time he committed the offenses in case number 16158, he was released on bail for possession of a Schedule IV substance in case number 16157; accordingly, he argued that Tennessee Rule of Criminal Procedure 32(c)(3)(C) required consecutive, rather than concurrent, sentencing. *State v. Antwain Tapaige Sales*, No. M2022-01077-CCA-R3-CD, 2023 WL 2681899, at *1 (Tenn. Crim. App., Nashville, March 21, 2023), *perm. app. denied* (Tenn. Aug. 8, 2023). The trial court summarily dismissed the petitioner's motion, finding that the petitioner had failed to attach a copy of each judgment of conviction at issue and that the petitioner's motion failed to state that it was his first motion for correction of his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1(a)(1). The trial court also stated that, in its review of the record, it found that the petitioner was not convicted of the charge in case number 16157. *Id.* The trial court further remarked that the April 23, 2007 judgment "indicates case number 16157 was dismissed and was a misdemeanor drug possession charge. Even if convicted of a misdemeanor, in this case, the same did not require mandatory consecutive sentencing. T.C.A. § 40-20-111(b); T[enn]. R. Cr[im]. P. 32(c)(3)(C)." *Id.* Although the petitioner did not appeal the trial court's order, this court clarified in a subsequent case that "a plain reading of Rule 32(c)(3)(C) and [Code] section 40-20-111(b) does not support the trial court's interpretation that consecutive sentencing is not mandatory when the underlying offense is a misdemeanor." *Id.* at n. 1 (citing *State v. Beau Vaughan*, No. M2014-02530-CCA-R3-CD, 2015 WL 8974913, at *3 (Tenn. Crim. App., Nashville, Dec. 15, 2015)).

The petitioner did not appeal the trial court's denial of his March 9, 2020 Rule 36.1 motion to correct an illegal sentence but filed a second such motion on June 11, 2020. *Id.* at *2. In his second motion, the petitioner reiterated his prior arguments and additionally contended that he was not required to attach copies of his judgments of conviction to his motion. *Id.* The trial court summarily dismissed the petitioner's second motion on June 30, 2020, and the petitioner did not appeal. *Id.*

On July 4, 2022, the petitioner sent a handwritten letter to the trial court clerk stating that "he had obtained copies of his judgments of conviction from the Records Department at Turney Center Industrial Complex." *Id.* He claimed that "the judgments were 'fraudulent' and void because they had been 'altered and/or modified in an attempt to cure a fatal defect.'" *Id.* On July 8, 2022, the trial court entered an order finding no fraud or alteration between the original judgments filed with the trial court clerk and the copies attached to the petitioner's letter, with the only difference between the two being a "file stamp affixed by the Clerk." *Id.* The petitioner thereafter filed a motion to reconsider, which the trial court denied. *Id.* This court dismissed the petitioner's appeal, finding "no appeal as of right from an order denying relief from a motion alleging that judgments are fraudulent and void because they were improperly entered or altered by the trial court clerk." *Id.* at *3.

On May 2, 2023, the petitioner filed a "Motion to Reinstate Rule 36.1 Motion to Correct Illegal Sentence" with the trial court. Relying upon this court's footnote in *State v. Sales*, 2023 WL 2681899, the petitioner argued that his sentence is illegal because he was released on bail in case number 16157 when he committed the offenses for which he was ultimately convicted in case number 16158; as such, Code section 40-20-111(b) mandated consecutive, rather than concurrent, sentencing. The petitioner also reiterated his previous argument that he did not knowingly and intelligently enter his 2007 guilty plea because he was under the influence of psychotropic drugs.

The trial court viewed the petitioner's motion as a new Rule 36.1 motion to correct an illegal sentence and dismissed it on May 26, 2023. In its order, the trial court found that though the petitioner was released on bail in case number 16157 for possession of a Schedule IV controlled substance when he committed the offenses for which he was convicted in case number 16158, consecutive sentencing in case number 16158 was not required because the petitioner was not ultimately convicted in case number 16157. The trial court also noted that the petitioner previously filed two unsuccessful Rule 36.1 motions to correct an illegal sentence and had not appealed their denial. The trial court held that even if there was an illegal sentence to be corrected, the petitioner would not be entitled to relief because he benefited from the concurrent nature of his sentences. Tenn. R. Crim. P. 36.1(c)(3)(B), Advisory Comm'n Cmts ("For example, if the illegal provision was for the sentence to run concurrently with another sentence, when the law actually required a consecutive sentence, the defendant benefited from the bargained-for illegal sentence. In such cases, relief under this rule is not available."). The trial court dismissed the petitioner's argument that he did not benefit from his concurrent sentencing because he was under the influence of psychotropic drugs and, therefore, did not knowingly and voluntarily enter his plea, remarking that the argument was more appropriate for a post-conviction petition. This timely appeal followed.

On appeal, the petitioner argues that his sentence is illegal pursuant to Code section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), that his 2007 guilty plea was not knowingly or voluntarily entered, and that he has presented a colorable claim for relief under Rule 36.1. In response, the State argues that the trial court inaccurately construed the petitioner's motion as a new Rule 36.1 motion to correct an illegal sentence when it should have been viewed as a motion to reinstate his June 11, 2020 motion. Because Tennessee Rule of Appellate Procedure 3(b) does not authorize an appeal of the denial of a motion to reinstate a previous motion, the State contends that the appeal should be dismissed. In the alternative, the State argues that the trial court should be affirmed because the petitioner's May 2, 2023 motion was procedurally deficient and failed to state a colorable claim for relief.

As a threshold matter, we note that the State is correct that Tennessee Rule of Appellate Procedure 3(b) does not authorize an appeal of the denial of a motion to

reinstate a previous Rule 36.1 motion to correct an illegal sentence. *See* Tenn. R. App. P. 3(b); *see also State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) ("A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b)."). Accordingly, because the petitioner did not appeal the June 30, 2020 dismissal of his second Rule 36.1 motion to correct an illegal sentence within 30 days of the entry of that order, that judgment became final. Tenn. R. App. P. 4.

However, it appears from the trial court's May 26, 2023 order that it considered the petitioner's motion as a new Rule 36.1 motion to correct an illegal sentence rather than a motion to reconsider his June 11, 2020 motion. Beyond a citation to this court's footnote in *State v. Sales*, 2023 WL 2681899, the petitioner reiterates his previous arguments in support of his claim that his sentence is illegal. The trial court dismissed the petitioner's May 2, 2023 motion by holding that the petitioner did not have a colorable claim for relief under Rule 36.1 and stated its treatment of the motion as a renewed Rule 36.1 motion. We will defer to the trial court's consideration of the petitioner's May 2, 2023 motion as a new Rule 36.1 motion to correct an illegal sentence and treat the instant case as an appeal from the denial of such a motion. *See Norton v. Everheart*, 895 S.W.2d 317, 319 (Tenn. 1995) ("It is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading according to the relief sought."). Because Rule of Appellate Procedure 3(b) authorizes such an appeal, dismissal of the appeal is not appropriate. Tenn. R. App. P. 3(b) ("The defendant may also appeal as of right from . . . an order or judgment pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure.").

Rule 36.1 provides the petitioner and the State an avenue to "seek to correct an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a petitioner must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the unexpired sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The State contends that if the petitioner's motion is construed as a new Rule 36.1 motion to correct an illegal sentence, it was procedurally deficient because it failed to include "a copy of each previous motion and the court's disposition thereof" or "state satisfactory reasons for the failure to do so." Tenn. R. Crim. P. 36.1(a)(1). Several

documents were attached to the petitioner's motion, including copies of his 2007 judgments of conviction and a copy of his second Rule 36.1 motion to correct an illegal sentence and the trial court's order dismissing it. The petitioner appears to concede that he only attached a copy of "the previous motion and order," and he does not present reasoning for failing to attach his first Rule 36.1 motion and the trial court's disposition. Because the petitioner neglected to attach a copy of each of his Rule 36.1 motions to correct an illegal sentence and the trial court's dispositions thereof, the State is correct that the petitioner's motion was procedurally deficient.

The petitioner's motion also failed to present a colorable claim for relief. Code section 40-20-111(b) provides that

> In any case in which a defendant commits a felony while the defendant was released on bail . . . *and the defendant is convicted of both offenses*, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that the sentences be served cumulatively."

T.C.A § 40-20-111(b) (emphasis added). This provision mirrors Tennessee Rule of Criminal Procedure 32(c)(3)(C), mandating consecutive sentencing "to a sentence for a felony committed while the defendant was released on bail *and the defendant is convicted of both offenses*" when the defendant "is convicted of multiple offenses from one trial or . . . has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive sentences." Tenn. R. Crim. P. 32(c)(3)(C) (emphasis added). The petitioner argues that because he was released on bail in case number 16157 when he committed the offenses in case number 16158, Code section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) required consecutive alignment of his sentences in case number 16158; however, as this court has previously noted, though the petitioner was released on bail in case number 16157 for possession of a Schedule IV substance when he committed the offenses in case number 16158, the charge in case number 16157 was dismissed. *State v. Sales*, 2023 WL 2681899 at *1. Because both Tennessee Rule of Criminal Procedure 32(c)(3)(C) and Code section 40-20-111(b) require conviction of the underlying offense for which the defendant was released on bail and the offense committed while released on bail, consecutive sentencing was not required.

Even if the petitioner was correct regarding the alleged illegality of his sentences, he still would not be entitled to relief under Rule 36.1 because he benefited from the concurrent alignment of his sentences in case number 16158. As the comments to Rule 36.1 make clear, where a defendant enters a bargained-for guilty plea containing an illegal provision from which the defendant benefits, the defendant is not entitled to relief. *See* Tenn. R. Crim. P. 36.1, Advisory Comm'n Cmts. The petitioner's 2007 guilty plea in case 16158 resulted in a 40-year sentence for second degree murder and a 30-year sentence for

attempted second degree murder to run concurrently. The petitioner plainly benefited from concurrent sentencing by receiving an effective 40-year sentence rather than a 70-year sentence. Nevertheless, the petitioner maintains that he did not benefit from his concurrent sentencing because he was under the influence of psychotropic drugs to treat his mental illnesses. As the trial court noted, these arguments are more appropriate for a post-conviction petition, and indeed were raised and addressed previously by this court. *See Sales v. State*, 2021 WL 4479283 at *2. The petitioner has failed to present a colorable claim for relief.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE