IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 28, 2024 Session

**STATE OF TENNESSEE v. JUSTIN MCDOWELL**

**Appeal from the Criminal Court for Knox County**
**Nos. 123967, 114922      Steven W. Sword, Judge**

_____

**No. E2024-00478-CCA-R3-CD**
_____

In 2020, the Defendant, Justin McDowell, pleaded guilty to possession with intent to sell or deliver less than .5 grams of cocaine within 1,000 feet of a Drug Free Zone, a park. The trial court imposed an effective sentence of five years of incarceration. The Defendant filed a motion for resentencing pursuant to an amendment to the Drug Free Zone Act. *See* T.C.A. § 39-17-432. The trial court held a hearing and denied relief. On appeal, the Petitioner contends that his motion for resentencing should have been granted. After review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN, P.J., and TIMOTHY L. EASTER, J., joined.

Chelsea C. Moore, Knoxville, Tennessee, for the appellant, Justin McDowell.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme P. Allen, District Attorney General; and G. Lawrence Dillon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Background**

This case arises from the Defendant's evading arrest and being found in possession of cocaine. A Knox County Grand Jury indicted the Defendant for evading arrest, possession with intent to sell or deliver .5 grams of cocaine within 1,000 feet of a park, possession with intent to sell or deliver .5 grams of cocaine within 1,000 feet of a childcare

center, and criminal trespass. By agreement, in 2020, the Defendant pleaded guilty to possession with intent to sell or deliver .5 grams of cocaine within 1,000 feet of a park, and the State dismissed the remaining charges. The trial court sentenced the Defendant as a Range I offender to five years of incarceration with 100% service.

In 2023, the Defendant filed a motion for resentencing pursuant to an amendment to the Drug Free Zone Act found at Tennessee Code Annotated section 39-17-432. In his motion, the Defendant argued that, pursuant to the amendment, he qualified for a reduced sentence.

The trial court held a hearing on the motion, at which the parties presented arguments, and the Defendant's daughter testified that she wanted her father home to participate in their family. At the conclusion, the trial court made the following statement:

> I wanted to review the status of the drug-free school zone 2018, which is [the offense date] for which [the Defendant] is before the Court on today seeking resentencing. As we've already stated, the Court had previously granted his request for a resentencing in the one that went to trial. And I think it was an A felony, actually, that he was convicted of, and lowered that to a B, I believe, and reduced the percentage to serve.

> This, after that case, was resolved by reaching a plea agreement. It was charged as the B felony, over half a gram, within a zone, and the agreement was that it would be dropped to the C, less than a half a gram, still in a zone, which is why it ended up being a hundred percent at five years.

> And so both sides have talked about the fact that this was a plea agreement. That really doesn't come into play until you get to the interest of justice portion where you determine whether or not the interest of justice would require resentencing, and so I know judges across the state have really struggled with this [be]cause they feel like what their job is, is to figure out a new negotiated settlement, but that's actually, I don't believe, what the law is intended or certainly not what the law says.

> And so what the Courts are required to do is make certain findings as when a defendant makes such a petition as we're here today. And then the Court has to make certain findings.

> And the first is the [D]efendant bears the burden of proof to show the defendant would be sentenced to a shorter period of confinement under the section if the defendant's offense had occurred on or after September 1st,

2020. And so there's a couple factors of that. First, you-look and see under the new drug-free school zone would this be a drug-free school zone case? There's an argument I think the state can make in this.

But I do believe that there's--the proof that we heard during the stipulation of this plea did not indicate that vulnerable persons were exposed to the dangers inherent in the drug trade. So I think if the drug-free school zone had been written in [ ] the way it is now, it would not have applied. But, remember, the first part of that sentence says, the defendant bears the burden to show the defendant would be sentenced to a shorter period of confinement under the section had the law been that way.

So what would have happened, had the law been that way, this would not have been a B felony. It would have been a C felony. And in the other case where he was convicted on an A felony, he was sentenced as a range II multiple offender because his prior felony convictions. So he would be a range II multiple offender on the C felony. So what would his potential sentence be on this? It'd be six to ten at 35 percent. What sentence did he get? Five years.

And so when the law says a defendant bears the burden of proof to show the defendant would be sentenced to a shorter period of confinement, he's unable to do that in this case [be]cause he actually got a shorter length of sentence than he would have gotten had he been convicted at trial or pled as charged without it being drug-free school zone.

And so when you read that sentence, you're not taking into [ac]count release eligibility date. You're just taking into [ac]count length of sentence, and so, even though this would have dropped it from a B to a C, he still got a sentence shorter than he would have gotten had he pled as charged without the zone. So I don't think [] the defense has been able to meet their burden in this one, although they did in the other [case].

So I'm going to deny your request in this one because I don't think you can get a shorter sentence than what was negotiated.

It is from this judgment that the Defendant appeals.

**II. Analysis**

3

The Defendant claims that he has a right to appeal the denial of his motion for resentencing pursuant to Tennessee Rule of Appellate Procedure 3(b). He acknowledges that his right of appeal is not enumerated in the rule, but he contends that the language and subsequent application of the rule have been too strictly construed and should be applied more broadly. He also contends that his right to appeal is established by the Post-Conviction Procedure Act found at Tennessee Code Annotated section 16-5-108. Finally, he contends that the court should be vested with jurisdiction pursuant to the common law writ of certiorari. The State responds that the Defendant's claim does not have jurisdiction conferred upon it by either Rule 3(b) or the Post-Conviction Procedure Act. The State further responds that the Defendant's claim is not appropriate for review pursuant to a writ of certiorari. We agree with the State.

In *State v. Bobo*, this court decided the issue of whether the Defendant has a right to appeal pursuant to Tennessee Rule of Appellate Procedure 3(b). The decision in *Bobo* was based on the reasoning below:

> In 2022, our legislature amended the Act creating a procedure allowing defendants to request resentencing in accordance with the 2020 revision of the Act. Tenn. Code Ann. § 39-17-432(h) (2022). More specifically, a defendant who was sentenced under the Act for an offense committed "prior to September 1, 2020, may, upon motion of the defendant or the district attorney general or the court's own motion" seek to be resentenced. *Id.* Upon the filing of such motion, the trial court shall hold a hearing to determine if the defendant would have received "a shorter period of confinement under this section if the defendant's offense had occurred on or after September 1, 2020." *Id.* "The court shall not resentence the defendant . . . if the court finds that resentencing the defendant would not be in the interests of justice." *Id.* In determining whether a new sentence would be in the interests of justice, the trial court may consider the defendant's criminal record, his behavior since being incarcerated, the circumstances surrounding the defendant's offense, and other factors that it deems relevant. *Id.* However, we note that despite granting the defendant an opportunity to seek resentencing in accordance with the amended statute, the legislature did not provide the defendant or the State with an avenue to appeal the trial court's decision under the statute.
>
> A defendant in a criminal case does not have an appeal as of right in every instance. *State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) ("A defendant in a criminal case does not have an appeal as of right in every instance.") Tennessee Rule of Appellate Procedure 3(b) provides when a defendant in a criminal case has an appeal as of right:

4

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation; an order denying a motion for reduction of sentence pursuant to Rule 35(d), Tennessee Rules of Criminal Procedure; an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Rule 32(f), Tennessee Rules of Criminal Procedure.

Tenn. R. App. P. 3(b).

Rule 3(b) does not specifically provide for an appeal as of right from an order denying resentencing pursuant to Tenn. Code Ann. § 39-17-432(h) (2022). A defendant in a criminal case has no appeal as of right unless it is enumerated in Rule 3(b). *Rowland*, 520 S.W.3d at 545; *see also State v. Lane*, 254 S.W.3d 349, 353 (Tenn. 2008) (holding there is no appeal as of right from an order denying a defendant's motion to modify a condition of probation)[.]

. . . .

Neither Rule 3 nor the most recent amendment to Tenn. Code Ann. § 39-17-432(h) (2022) provides for an appeal as of right for the defendant.

5

*State v. Bobo*, 672 S.W.3d 299, 301-03 (Tenn. Crim. App. 2023) (*see also State v. Patton*, No. M2023-00801-CCA-WR-CO, 2024 WL 634887, at *3 (Tenn. Crim. App. Feb. 15, 2024) (concluding that orders denying resentencing are not included in the criminal actions for which a direct appeal lies [Tenn. R. App. P. 3(b)], and the statute governing the resentencing of sentences enhanced under the Drug-Free School Zone Act [Tenn. Code Ann. § 39-17-432(h)] does not provide a right to appeal from the denial of a resentencing)).

In accordance with our reasoning in *Bobo*, we similarly conclude that the Defendant in this case does not have a right to an appeal on this issue.

The Defendant claims that the Post-Conviction Procedure Act, found at Tennessee Code Annotated section 16-5-108(a), provides jurisdiction for his appeal. Section 16-5-108 states that this court has appellate jurisdiction over final judgments of trial courts in criminal cases and "other cases or proceedings instituted with reference to or arising out of a criminal case." T.C.A. § 16-5-108(a)(1), (a)(2). As this is not an appeal from a judgment of conviction, an order denying or revoking probation, or a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, this section does not confer jurisdiction upon the Defendant's claim.

Lastly, as to the Defendant's argument that his appeal requires the granting of a writ of certiorari, we point out that the common law writ of certiorari is an "extraordinary judicial remedy," *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008), and may not be used "to inquire into the correctness of a judgment issued by a court with jurisdiction." *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002) (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)). We, therefore, decline to extend the "extraordinary judicial remedy" of a writ of certiorari.

### III. Conclusion

Based on the foregoing reasoning and authorities, we dismiss this appeal.

_____
ROBERT W. WEDEMEYER, JUDGE